THE STATE EX REL. ELLIS, APPELLANT, *v.* MCGRAW
EDISON COMPANY ET AL., APPELLEES.

[Cite as *State ex rel. Ellis v. McGraw Edison
Co.* (1993), 66 Ohio St.3d 92.]

(No. 92–1000—Submitted February 2, 1993—Decided April 7, 1993.)

*Espy & Benton* and *Fredrick D. Benton, Jr.,* for appellant.

*Squire, Sanders & Dempsey* and *Preston J. Garvin,* for appellee McGraw Edison Co.

*Lee I. Fisher,* Attorney General, and *Merl H. Wayman,* Assistant Attorney General, for appellee Industrial Commission.

---

*Per Curiam.* Recognizing that generic permanent total disability orders hindered evidentiary review, *Noll, supra,* ordered the Industrial Commission to prepare "orders on a case-by-case basis which are fact-specific and which contain reasons explaining its decisions. * * * Such order must specifically state what evidence has been relied upon to reach its conclusion and, most important, briefly explain the basis of its decision." *Id.* at 206, 567 N.E.2d at 249.

The order at issue specified that permanent total disability compensation was denied because claimant was found capable of sustained remunerative employment. It also explained how the commission reached that conclusion. In this case, the commission found that claimant's age and education aided his retraining for an occupation consistent with his physical abilities. The order, therefore, satisfies *Noll.*

Despite his assertions to the contrary, claimant's assault on the commission's order deals far more with the commission's interpretation of the nonmedical factors—particularly claimant's education—than to the order's form or content. Claimant's position, however, contradicts the commission's role as exclusive evaluator of both disability, *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 172–173, 31 OBR 369, 374, 509 N.E.2d 946, 951, and evidentiary weight, *Burley, supra,* 31 Ohio St.3d at 20–21, 31 OBR at 72, 508 N.E.2d at 938. The commission's present order indicates consideration of nonmedical evidence. The commission and claimant simply differed on the impact of claimant's nonmedical disability factors.

The commission exercised its prerogative in concluding that, at age fifty-one, claimant was young, not old, and that his age was a help, not a hinderance. So, too, is the conclusion with regard to claimant's education, which also derives support from the record. More so than claimant's age, his education can be interpreted as either an asset or a liability. While his grade school level of spelling and below-average reading ability clearly can be perceived negatively, the same rehabilitation report that determined these academic skills to be a limitation nonetheless concluded that his high school education was an asset. The commission was persuaded by the latter conclusion.

Claimant strongly suggests that the commission was bound by another report from the commission's rehabilitation division that concluded that claimant was unemployable. This claim fails. Specialized vocational or rehabilitation reports are not accorded greater weight than other evidence. See *State ex rel. Speelman v. Indus. Comm.* (1992), 73 Ohio App.3d 757, 598 N.E.2d 192. To bind the commission to a rehabilitation report's conclusion makes the rehabilitation division, not the commission, the ultimate evaluator of disability, contrary to *Stephenson, supra.*

For the reasons given above, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, F.E. SWEENEY and PFEIFER, JJ., concur.

RESNICK, J., concurs in judgment only.