THE STATE EX REL. MADISON, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Madison v. Indus. Comm.* (1994), 69 Ohio St.3d 333.]

(No. 93–1497—Submitted March 22, 1994—Decided May 18, 1994.)

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy;* and *Frank Gallucci,* for appellant.

*Lee I. Fisher,* Attorney General, *Michael P. O'Grady* and *Richard A. Hernandez,* Assistant Attorneys General, for appellee.

*Per Curiam.* Claimant in effect seeks a writ of mandamus to compel the commission to award permanent total disability compensation consistent with our decision in *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. We find such relief to be inappropriate in this case and affirm the judgment of the court below.

The present order violates *Noll, supra,* because it does not explain how the vocationally contradictory factors it cites enable claimant to be capable of sustained remunerative employment. While claimant's education and work history are vocationally favorable, his age is not.

The existence of conflicting factors renders *Gay's* application here inappropriate. Because claimant has nonmedical factors that are both vocationally favor-

able and unfavorable, a decision to either grant or deny benefits—with proper explanation—could be evidentially defensible. A return of the cause for further consideration and an amended order is not, under these circumstances, the futile exercise that *Gay* seeks to prevent.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and PFEIFER, JJ., concur.

F.E. SWEENEY, J., dissents and would reverse on authority of *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666.