THE STATE EX REL. RANOMER, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Ranomer v. Indus.
Comm.* (1994), 71 Ohio St.3d 134.]

(No. 93–1972—Submitted October 11, 1994—Decided December 14, 1994.)

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy;* *Pavick & Pavick, L.P.A.,* and *Dean G. Pavick,* for appellant.

*Lee I. Fisher,* Attorney General, *Michael P. O'Grady* and *Richard A. Hernandez,* Assistant Attorneys General, for appellee Industrial Commission.

*Buckingham, Doolittle & Burroughs* and *Brett L. Miller,* for appellee Roadway Express, Inc.

A. WILLIAM SWEENEY, J. Pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, and its progeny, a court considering a complaint for a writ of mandamus alleging abuse of discretion by the Industrial Commission in denying a motion for permanent total disability must engage in a multi-step analysis. That court must first review the form of the commission's order and determine whether the order satisfies the requirements of *State ex rel. Noll v. Indus. Comm., supra,* by (1) specifying the evidence upon which the commission relied, and (2) explaining the reasoning the commission used to reach its decision in such a manner as to enable meaningful judicial review. *Gay, supra,* at 319–320, 626 N.E.2d at 670.

The issuance of a writ of mandamus is appropriate where the court finds non-compliance with *Noll,* as such non-compliance is equivalent to an abuse of discretion. However, the nature of the mandate in the writ is dependent upon further analysis. Where the record before the court shows a substantial likelihood that the claimant is permanently and totally disabled, the court may order the commission to forthwith make an award of permanent total disability compensation. *Gay, supra,* syllabus. In the absence of substantial likelihood of permanent and total disability, or in cases where non-medical factors are split between favorable and non-favorable considerations, the court may order the commission to further consider the claimant's motion. In this latter category of cases, the court should issue a writ ordering the commission to issue a decision meeting the specificity requirements of *Noll,* regardless of whether the commission ultimately grants or denies permanent total disability compensation. *State ex rel. Domjancic v. Indus. Comm.* (1994), 69 Ohio St.3d 693, 635 N.E.2d 372; *State ex rel. Madison v. Indus. Comm.* (1994), 69 Ohio St.3d 333, 631 N.E.2d 1062.

In the case at bar, the commission concluded that the claimant, a man now nearly eighty years of age, "is able to perform sustained remunerative employment." The commission did not suggest the form of employment that this claimant might be able to perform, nor does the order specify or even suggest any evidence before it justifying the commission's finding. The commission's order in the cause before us clearly falls short of the specificity requirements of *Noll.* See *State ex rel. Hopkins v. Indus. Comm.* (1994), 70 Ohio St.3d 36, 635

N.E.2d 1257 (citing *State ex rel. Stephenson v. Indus. Comm.* [1987], 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d.946); and *Noll, supra,* 57 Ohio St.3d at 206, 567 N.E.2d at 248 ("boilerplate" recitation of the *Stephenson* factors insufficient). Because we find that the commission abused its discretion, in failing to issue an order which complies with *Noll,* it follows that a writ of mandamus is appropriate. Pursuant to *Gay,* we must next determine whether the record shows a substantial likelihood that claimant Ranomer is permanently and totally disabled.

The commission's failure to include the report of the certified vocational-evaluation specialist in its list of the evidence considered does not in this case require return of the cause to the commission for further review. Cf. *State ex rel. Fultz v. Indus. Comm.* (1994), 69 Ohio St.3d 327, 631 N.E.2d 1057. The fact that the commission failed to rely on the report does not require this court to ignore it or the conclusions contained in it, particularly where no evidence rebutting those conclusions is present in the record. Nothing in the vocational report can be used to support the contention that this claimant is employable in any alternative occupation. No non-medical factors tending to favor the existence of possible alternative employment are contained in this record. Instead, the record exhibits a nearly eighty-year-old arthritic man with a high-school education who has been previously employed only in active forms of work, who now suffers extensive and continuing pain and sleeplessness resulting from his allowed conditions, and who is expressly described by two of the three physicians who examined him to be non-amenable to vocational rehabilitation. We find on this record substantial likelihood that the claimant is entitled to an award of permanent total disability compensation.

The judgment of the court of appeals is reversed insofar as it merely ordered the commission to issue an order complying with *Noll.* A writ of mandamus is hereby issued to compel the Industrial Commission to award claimant Ranomer permanent total disability compensation.

*Judgment reversed in part
and writ granted.*

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

MOYER, C.J., WRIGHT and PFEIFER, JJ., dissent.

WRIGHT, J., dissenting. For the reasons I concurred in Chief Justice Moyer's separate concurrence in *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 324, 626 N.E.2d 666, 673, I respectfully dissent.

Once we find that the Industrial Commission has failed to state specifically the evidence upon which it has relied and to explain briefly the reasoning for its decision, as required by *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, this court should grant a limited writ of mandamus ordering

the commission to vacate its order and to issue a new order that satisfies the *Noll* requirements. Our inquiry should be limited to determining whether the commission's order is supported by "some evidence," not whether there is a "substantial likelihood" that the claimant is permanently and totally disabled. If a commission's order, which denies permanent total disability compensation, complies with the *Noll* requirements and is supported by "some evidence," this court should not issue a writ of mandamus compelling the commission to award permanent total disability compensation. Returning this cause to the commission is consistent with our scope of review, because it enables the commission to show whether its order is supported by "some evidence."

*State ex rel. Fultz v. Indus. Comm.* (1994), 69 Ohio St.3d 327, 631 N.E.2d 1057, which was decided after *Gay, supra,* cannot be distinguished from this case. In *Fultz,* the commission denied permanent total disability compensation. There, as in this case, the commission's order provided a list of evidence that the commission had considered, but the list omitted a vocational report. We found that even *Noll* review was premature. Noting that the omitted report could be the key to the failure *or success* of the claimant's application, we returned the cause to the commission for further consideration. Unlike the majority in this case, in *Fultz,* we did not independently review the record to determine whether there was a "substantial likelihood" that the claimant was entitled to an award of permanent total disability compensation.

For the foregoing reasons, I would affirm the judgment of the court of appeals.

MOYER, C.J., concurs in the foregoing dissenting opinion.