THE STATE EX REL. WEST, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as *State ex rel. West v. Indus. Comm.* (1996), 74 Ohio St.3d 354.]

(No. 94–1249—Submitted November 14, 1995—Decided January 17, 1996.)

*Finkelmeier & Finkelmeier* and *William I. Farrell,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Charles Zamora,* Assistant Attorney General, for appellee.

*Per Curiam.* Claimant seeks to compel permanent total disability compensation pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. The commission wants its order upheld. For the reasons to follow, we find in favor of the commission.

*Gay* relief cannot be considered without a preliminary finding that *Noll, supra,* has not been satisfied. *State ex rel. Sebestyen v. Indus. Comm.* (1994), 71 Ohio St.3d 36, 38, 641 N.E.2d 197, 199. Asserting such noncompliance, claimant objects to the reasoning underlying the commission's denial—that claimant's limited academic skills do not preclude retraining for work within his physical restrictions.

Claimant's argument hinges largely on Parsons' assessment of functional illiteracy—a conclusion with which the commission disagreed. So long as that conclusion is supported by "some evidence," the presence of contrary evidence is immaterial. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. In this case, claimant was asked whether he could read, write and do basic math. Three alternative responses were listed—"Yes," "No," and "Not well." Claimant chose the third response in each case.

Claimant argues that "Not well" must be interpreted as evidence that claimant possesses no transferable skills in these areas. This is incorrect. The commission is exclusively responsible for evaluating and interpreting evidence. *Burley.* It was the commission's prerogative to conclude that because claimant could have denied any ability in these areas and did not, claimant possessed some minimal competency in these subjects. Claimant's self-assessment, therefore, constitutes "some evidence" supporting the commission's determination that claimant possessed basic abilities in these areas.

In denying permanent total disability compensation, the commission found that claimant's physical abilities permitted retraining for work that did not require extensive academic skills. It further found that claimant's minimal skills were not an impediment to retraining, and explained how it reached that conclusion. The order, therefore, minimally satisfies *Noll* and will not be disturbed.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.