THE STATE EX REL. MILLER, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as *State ex rel. Miller v. Indus. Comm.* (1996), 76 Ohio St.3d 590.]

(No. 94–2015—Submitted July 10, 1996—Decided October 2, 1996.)

*Finkelmeier & Finkelmeier* and *William T. Farrell,* for appellant.

*Betty D. Montgomery,* Attorney General, and *William L. McDonald,* Assistant Attorney General, for appellee.

*Per Curiam.* We are once again asked to review the commission's denial of permanent total disability compensation for both "some evidence" in support and compliance with *Noll, supra.* For the reasons to follow, we find that both requirements have been minimally satisfied, and affirm the judgment of the court of appeals.

The claimant has a medical capacity for sedentary work—a point with which claimant does not really disagree. Permanent total disability compensation eligibility, therefore, hinges on the interpretation given to claimant's nonmedical disability factors.

The commission's favorable assessment of claimant's age is consistent with *State ex rel. Ellis v. McGraw Edison Co.* (1993), 66 Ohio St.3d 92, 609 N.E.2d 164. There, we upheld the commission's prerogative to classify as an asset the age of a claimant who was only one to two years younger than the claimant at bar.

The commission's positive characterization of claimant's education, on the other hand, is not supported by the record. While the tenor of the commission's order suggests that the commission recognized the limitations imposed by claimant's eighth grade education, it also implies that claimant's educational deficit was overcome by his two years of vocational training. This reasoning, however, ignores that claimant's training prepared him for sheet metal labor—a job now beyond his physical abilities.

The pivotal factor in the commission's decision appears to have been claimant's work history. We note initially that the commission's favorable assessment of claimant's telegram delivery job is an abuse of discretion. Claimant delivered telegrams by bicycle in the late 1950s while in his teens. Even assuming that such a job exists today, we find that this particular occupational experience is so remote—both vocationally and chronologically—as to make the experience of negligible re-employment value.

Much more relevant is the commission's assessment of claimant's sheet metal experience. Claimant's sheet metal experience was mainly as a foreman. The

commission focused on this experience and concluded that claimant possessed skills that made him amenable to supervisory work of a less strenuous nature.

We do not find this determination to be an abuse of discretion. While we recognize that claimant's supervisory duties were not exclusively sedentary, other responsibilities included the assignment of work duties, training of new employees, hiring and firing of workers, and assisting the engineering department with product design. The commission interpreted these personnel duties as providing experience transferable to other work. Thus, at a minimum, the commission did not view claimant's work history as an insurmountable barrier to re-employment or retraining. Finding no evidence that the amount of time spent on physical duties was vastly disproportionate to that spent on managerial tasks, we cannot characterize this finding as error.

Viewing the commission's analysis in its totality, we find that it is supported by "some evidence" and adequately sets forth the reasoning upon which it rests.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.