[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 590.]

THE STATE EX REL. MILLER, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO, APPELLEE, ET AL.

[Cite as *State ex rel. Miller v. Indus. Comm.*, 1996-Ohio-176.]

*Workers' compensation—Industrial Commission's denial of permanent total*
*disability compensation not an abuse of discretion when supported by*
*"some evidence" and in compliance with State ex rel. Noll v. Indus.*
*Comm.*

(No. 94-2015—Submitted July 10, 1996,—Decided October 2, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD09-1223.

_____

{¶ 1} Appellant-claimant, Allen Miller, was injured in 1981 in the course of and arising from his employment with C. Schmidt Company.  Appellee, Industrial Commission of Ohio, allowed his workers' compensation claim for "twisted lower back; post traumatic depression and anxiety; lumbar herniated disc." In 1989, claimant, not having returned to work, applied to the commission for permanent total disability compensation.  When no administrative action occurred, claimant refiled his application two years later.

{¶ 2} Commission specialist Dr. Clarence J. Louis assessed a fifty-five percent physical impairment for claimant.  Dr. Louis reported that claimant was precluded from his former position of employment as a sheet metal worker, but could do sedentary work.  A second commission specialist, Dr. Michael T. Farrell, Ph.D., found a fifteen to twenty percent psychological/psychiatric impairment, which he felt was not work-prohibitive.  Dr. Paul H. Dillahunt's medical review of numerous reports in the file prompted him to assess a fifty-four percent combined effects impairment that permitted sedentary work.

**{¶ 3}** The commission's rehabilitation division issued a seemingly contradictory report. At one point, the report states that claimant "does not have re-employment potential." Four paragraphs later, it states "prognosis for future vocational rehabilitation services appear[s] to be fair at this time."

**{¶ 4}** Claimant's first mandamus action concerning the initial denial of permanent total disability compensation prompted a return for further consideration and amended order pursuant to *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203,567 N.E.2d 245. *[State ex rel.] Miller v. Indus. Comm.* (Jan. 6, 1993), Franklin App. No. 92AP-261, unreported. The commission then issued a second order denying permanent total disability compensation which read:

"*** The order is based particularly upon the reports of Doctor(s) Farrel [*sic*] and Louis, evidence in the file and/or evidence adduced at the hearing.

"The claimant is 53 [*sic* 52], has an 8th grade education with two further years of joint vocational school training in a sheet metal program and has worked as a telegram delivery person and a sheet metal foreman. Dr. Farrell did an independent psychiatric examination. He has provided a long report that is much more detailed than that of Dr. Alwis. Dr. Farrell's report is found persuasive. While he finds some ongoing symptoms, he concludes the allowed psychiatric conditions are not work prohibitive and do not preclude the claimant from returning to his former job. Dr. Louis did an independent physical examination. He provided a detailed narrative report and his report is found persuasive. He concludes the claimant has physical restrictions of no bending or stooping, no lifting over 10 pounds and no prolonged sitting over 25 minutes without a 5 to 10 minute allowance to stand and stretch. He indicates a sedentary work employment activity is recommended. Based on the reports of Drs. Farrrell and Louis it is found the claimant is capable of sedentary work with no psychiatric restrictions. The claimant has prior work experience as a telegram delivery person. Such a job would appear to fit within the sedentary restrictions found by Dr. Louis and it thus appears the

claimant could return to such work. Also, such a job indicates the claimant is able to drive, a skill which would be transferable. Further, the claimant has supervisory experience as a foreman. He would be capable of doing supervisory work which didn't require much physical labor. Such experience indicates superviosry [*sic*] skills which would be transferable to sedentary work. Further, his ability to do these jobs shows he has the ability to learn different skills and jobs. While the claimant has only an eighth grade education, his further vocational training indicates he has the educational skills needed to learn jobs and thus to retrain. These findings are supported by the 12/3/90 rehabilitation evaluation report which found the claimant to have a fair prognosis for vocational rehabilitation. Based on these factors it is found the claimant has the education, skills and intelligence needed to do, or retrain to, sedentary work. Finally, the claimant was only 43 when he last worked. He has now had ten years in which to further educate or retrain. There is no evidence such has occurred. At age 53 he still has approximately 12 working years left in which to further educate or retrain. Based on these factors his age is not found to be a factor supporting disability. *** The claimant has not submitted any vocational evidence to show his age, education, work history or other disability factors prevent him from performing the sedentary level of work the reports of [D]octors Louis and Farrell indicate he is capable of. Based on all the above stated factors[,] it is found the claimant is not permanently and totally disabled ***."

{¶ 5} Claimant filed a second complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying permanent total disability compensation. The appellate court found that the order met *Noll's* minimum requirements and was supported by "some evidence." It accordingly denied the writ.

{¶ 6} This cause is now before this court upon an appeal as of right.

———————————

*Finkelmeier & Finkelmeier* and *William T. Farrell*, for appellant.

*Betty D. Montgomery*, Attorney General, and *William L. McDonald*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

{¶ 7} We are once again asked to review the commission's denial of permanent total disability compensation for both "some evidence" in support and compliance with *Noll, supra*. For the reasons to follow, we find that both requirements have been minimally satisfied, and affirm the judgment of the court of appeals.

{¶ 8} The claimant has a medical capacity for sedentary work—a point with which claimant does not really disagree. Permanent total disability compensation eligibility, therefore, hinges on the interpretation given to claimant's nonmedical disability factors.

{¶ 9} The commission's favorable assessment of claimant's age is consistent with *State ex rel. Ellis v. McGraw Edison Co*. (1993), 66 Ohio St.3d 92, 609 N.E.2d 164. There, we upheld the commission's prerogative to classify as an asset the age of a claimant who was only one to two years younger than the claimant at bar.

{¶ 10} The commission's positive characterization of claimant's education, on the other hand, is not supported by the record. While the tenor of the commission's order suggests that the commission recognized the limitations imposed by claimant's eighth grade education, it also implies that claimant's educational deficit was overcome by his two years of vocational training. This reasoning, however, ignores that claimant's training prepared him for sheet metal labor--a job now beyond his physical abilities.

{¶ 11} The pivotal factor in the commission's decision appears to have been claimant's work history. We note initially that the commission's favorable assessment of claimant's telegram delivery job is an abuse of discretion. Claimant

delivered telegrams by bicycle in the late 1950s while in his teens. Even assuming that such a job exists today, we find that this particular occupational experience is so remote—both vocationally and chronologically—as to make the experience of negligible re-employment value.

{¶ 12} Much more relevant is the commission's assessment of claimant's sheet metal experience. Claimant's sheet metal experience was mainly as a foreman. The commission focused on this experience and concluded that claimant possessed skills that made him amenable to supervisory work of a less strenuous nature.

{¶ 13} We do not find this determination to be an abuse of discretion. While we recognize that claimant's supervisory duties were not exclusively sedentary, other responsibilities included the assignment of work duties, training of new employees, hiring and firing of workers, and assisting the engineering department with product design. The commission interpreted these personnel duties as providing experience transferable to other work. Thus, at a minimum, the commission did not view claimant's work history as an insurmountable barrier to re-employment or retraining. Finding no evidence that the amount of time spent on physical duties was vastly disproportionate to that spent on managerial tasks, we cannot characterize this finding as error.

{¶ 14} Viewing the commission's analysis in its totality, we find that it is supported by "some evidence" and adequately sets forth the reasoning upon which it rests.

{¶ 15} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.