THE STATE EX REL. KING, APPELLANT, *v.* TRIMBLE, ADMR., ET AL., APPELLEES.

[Cite as *State ex rel. King v. Trimble* (1996), 77 Ohio St.3d 58.]

(No. 94–2150—Submitted September 10, 1996—Decided November 6, 1996.)

*Kondritzer, Gold, Frank & Crowley Co., L.P.A.,* and *Lane N. Cohen,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Yoland V. Vorys,* Assistant Attorney General, for appellee Industrial Commission.

*Per Curiam.* For the reasons that follow, we affirm the court of appeals' conclusion that the commission complied with *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946, and *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

Where medical evidence establishes only a claimant's permanent partial impairment due to industrial injury, the commission must deny PTD unless the claimant's age, work experience, education, or other relevant characteristics, commonly referred to as the *Stephenson* factors, foreclose sustained remunerative employment. *State ex rel. Hopkins v. Indus. Comm.* (1994), 70 Ohio St.3d

36, 39–40, 635 N.E.2d 1257, 1259; *State ex rel. Lawrence v. Am. Lubricants Co.* (1988), 40 Ohio St.3d 321, 322, 533 N.E.2d 344, 345–346; *State ex rel. Hartung v. Columbus* (1990), 53 Ohio St.3d 257, 258, 560 N.E.2d 196, 198. And, for all its determinations, *Noll* requires the commission "to prepare orders that are 'fact-specific and which contain reasons explaining its decisions. * * * Such order[s] must specifically state what evidence has been relied upon to reach its conclusion and, most important, briefly explain the basis of its decision[s].' " *State ex rel. Pass v. C.S.T. Extraction* Co. (1996), 74 Ohio St.3d 373, 375, 658 N.E.2d 1055, 1057, quoting *Noll*, 57 Ohio St.3d at 206, 567 N.E.2d at 249. The commission's failure to specify and explain the impact of the *Stephenson* factors, in accordance with *Noll*, is an abuse of discretion, and a writ of mandamus will issue to correct the abuse. *State ex rel. Ranomer v. Indus. Comm.* (1994), 71 Ohio St.3d 134, 137, 642 N.E.2d 373, 376.

Dr. Amendt estimated King's impairment at forty-two percent. In considering the *Stephenson* factors, the commission found that King's low level of education reduced his employment prospects, but that his age and varied work history suggested his potential for retraining and that his severed forefinger and blindness were not impediments to employment based on his work record. The commission also found, based on Dr. Amendt's report, that King was physically capable of performing light duty jobs not performed at heights. This explanation is explicit enough to allow meaningful judicial review, which was the purpose behind *Noll*. *Noll*, 57 Ohio St.3d at 206, 567 N.E.2d at 249.

King, however, argues that these conclusions are insufficient under *Noll* because they do not account for rehabilitation reports suggesting his inability to perform heavy labor, his lack of skills transferable to sedentary employment, and his inability to be retrained. King also seems to argue that in determining a claimant's capacity for sustained remunerative employment, the commission can consider only "nonmedical" evidence from vocational experts; it cannot deduce employability from evidence prepared by a medical expert. King's arguments, which are directed more to the weight of evidence than to the order's compliance with *Noll* as to form and content, see *State ex rel. Ellis v. McGraw Edison Co.* (1993), 66 Ohio St.3d 92, 94, 609 N.E.2d 164, 165, lack merit.

Various reports completed by staff at the J. Leonard Camera Industrial Rehabilitation Center are evidence that King's allowed condition, together with his other physical and vocational characteristics, significantly impede his reemployment even in a sedentary capacity. The reports further suggest that his prospects for rehabilitation were poor. The commission, however, credited Dr. Amendt's contrary assessment to the effect that King was presently capable of light lifting and could benefit from rehabilitation programs for pain and stress

management. It also drew its own conclusions from King's age and work experience as a truck driver, church bell installer, and drywaller.

The commission is the exclusive evaluator of disability and evidentiary weight. *Ellis, supra*, 66 Ohio St.3d at 94, 609 N.E.2d at 165. It is the commission's prerogative to interpret evidence and draw reasonable inferences. *State ex rel. West v. Indus. Comm.* (1996), 74 Ohio St.3d 354, 356, 658 N.E.2d 780, 782. Moreover, the commission was not bound to accept the vocational reports of the rehabilitation center staff. Rather, "[s]pecialized vocational or rehabilitation reports are not accorded greater weight than other evidence." *Ellis, supra*, 66 Ohio St.3d at 94, 609 N.E.2d at 166.

The commission exercised its authority here by choosing between the competing assessments of King's physical capacity and inferring from Dr. Amendt's report, King's relative youth, and his assorted work experience that he was not foreclosed from all employment. The facts underlying this conclusion were uncontested. Thus, "some evidence" exists for the commission's decision and it does not manifest an abuse of discretion. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936; *West, supra*, 74 Ohio St.3d at 356, 658 N.E.2d at 782.

*State ex rel. Haddix v. Indus. Comm.* (1994), 70 Ohio St.3d 59, 636 N.E.2d 323, does not persuade us to hold otherwise. Under *Haddix*, *Noll* compliance requires that the commission specifically articulate the basis for its inferences about employment potential, which the commission did not do here with respect to its assessment of King's "variety of jobs." There, we granted mandamus to vacate the commission's denial of PTD because the commission had cited only the "varied vocational background" of a sixty-year-old claimant who had an eighth grade education as some evidence that the claimant could return to the workforce notwithstanding his sixty-five percent impairment. *Id.* at 60, 636 N.E.2d at 323.

In *Haddix*, however, the claimant's work experience was the only *Stephenson* factor that justified the denial of PTD; here, the commission also relied on King's relative youth in combination with his ability to perform light duty work. Thus, at least one *Stephenson* factor, age, continues to represent some evidence in support of the commission's order. The evidence is not particularly compelling to us, but we have often said that we will not substitute our judgment for the commission's. *State ex rel. Moss v. Indus. Comm.* (1996), 75 Ohio St.3d 414, 417, 662 N.E.2d 364, 366.

Accordingly, we find that the commission's decision was written in compliance with *Stephenson* and *Noll* and based on "some evidence." The court of appeals' judgment, therefore, is affirmed.

*Judgment affirmed.*

MOYER, C.J., F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.