[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 579.]

THE STATE EX REL. MOBLEY, APPELLEE AND CROSS-APPELLANT, V.
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS AND CROSS-
APPELLEES; OHIO STATE UNIVERSITY, CROSS-APPELLEE.

[Cite as *State ex rel. Mobley v. Indus. Comm*., 1997-Ohio-181.]

*Workers' compensation—Denial of application for permanent total disability*
*compensation—Industrial Commission ordered to reconsider and issue an*
*amended order, when.*

(No. 95-452—Submitted March 31, 1997—Decided June 11, 1997.)

APPEAL AND CROSS-APPEAL from the Court of Appeals for Franklin County, No.
94APD02-144.

————————————

{¶ 1} Carl Mobley, appellee and cross-appellant, seeks a writ of mandamus ordering the Industrial Commission of Ohio, appellant and cross-appellee, to vacate its denial of his application for permanent total disability compensation ("PTD") and to grant him this compensation.

{¶ 2} In October 1985, Mobley injured his right shoulder while working as a sheet metal worker for cross-appellee Ohio State University. His workers' compensation claim was allowed for "strain right shoulder" and "right rotation [*sic*] cuff tear." Mobley was sixty years old and had been a sheet metal worker for twenty-two years at the time of his injury. The injury left him unable to raise his arm above his head, and he has not been employed since.

{¶ 3} Mobley applied for PTD in April 1991 based on his shoulder injury. He submitted with his application a March 1991 letter from his cardiologist, Dr. Lee Davis, and the evaluations of orthopedic specialists, Drs. Wilhelm Zuelzer and John Cunningham. Dr. Davis opined that Mobley was permanently and totally disabled based on these reports.

**{¶ 4}** In his May 1990 report, Dr. Zuelzer advised that Mobley had had surgery in 1986, but had been unable to regain "active motion of his right shoulder," although he had retained "excellent hand function." Dr. Zuelzer concluded that Mobley could work at jobs that did not require him to raise his hand over his head.

**{¶ 5}** Dr. Cunningham reached a similar conclusion in July 1990 after his examination of Mobley. According to Dr. Cunningham, Mobley was permanently but not totally impaired based on his allowed condition, and he was employable, but not without restrictions as a sheet metal worker.

**{¶ 6}** The commission also received reports from Dr. Tom Reynolds, Dr. Timothy Fallon, a commission specialist, and Anthony Riccio, Ph.D., a vocational expert. Dr. Reynolds agreed with Dr. Zuelzer's diagnosis based on his June 1991 examination. He estimated Mobley's impairment at thirty percent and concluded that Mobley "could perform sustained remunerative employment in a sedentary or light type level with him not required to lift with the right arm over the waist level." After his April 1992 examination, Dr. Fallon similarly determined a twenty-five to thirty percent permanent impairment, finding that Mobley could no longer perform as a sheet metal worker, but could "carry out light types of work activity with no use of weights beyond 5 to 10 lbs. and work out only in front of him." In the same report, however, Dr. Fallon declared Mobley permanently and totally impaired after noting his advanced age, sixty-six; tenth-grade education; and lack of rehabilitation potential. Dr. Riccio pronounced Mobley permanently and totally disabled in April 1992, after reviewing all but Dr. Fallon's report. He concluded that "[a] man of advanced age, limited education, and no transferable skills who does not have competitive use of his dominant upper extremity is clearly out of the work force. From a vocational perspective, there are no jobs that such a person can perform on a competitive basis * * *."

**{¶ 7}** The commission considered Mobley's PTD application several times during 1992 and 1993. Initially, it postponed a decision pending Dr. Fallon's report

on Mobley's condition. Upon review of that report and the others, the commission denied PTD based on the Fallon and Reynolds reports. Mobley moved for reconsideration, mainly on the ground that Dr. Fallon had found him permanently and totally impaired and, thus, completely unable to work. The commission granted reconsideration, vacated its previous order, but still denied PTD, finding again that Mobley could engage in sustained remunerative employment. The commission's new order explained, in part:

"The medical reports of Dr.(s) Davis, Zuelzer, Cunningham, Reynolds, Fallon and Mr. Riccio were reviewed and evaluated. The findings and order are based particularly on the medical reports of Dr.(s) Zuelzer, the evidence in the file and the evidence adduced at hearing.

"The claimant is 67, has a 10th grade education and has worked as a sheet metal worker and salesman.

"The medical report of Dr. Davis does not address the physical impairment due to the allowed injuries but instead disability. His opinion and report [are] therefore not found persuasive.

"The report of Mr. Riccio does not consider claimant's past work experience as a salesman. Further, he gives no reason for his belief that claimant's 10th grade education is 'limited' and would not provide adequate educational skills to do, or retrain to [do], work within the claimant's physical limitations. Therefore, his report is not found to be persuasive.

"The reports of Doctors Cunningham, Reynolds, and Zuelzer all indicate the claimant can physically do sustained gainful work with restrictions on the use of his right shoulder. Dr. Zuelzer is the claimant's treating orthopedist and his opinion is thus found persuasive. He states the claimant's only physical restriction is on raising his arm over his head. Such a restriction would eliminate only minimal physical activity. Further, the claimant has a 10th grade education which indicates educational skills and the ability to read, write and do basic math. The

claimant has provided no persuasive evidence to the contrary. He also has worked as a salesman which indicates job experience in a less physical type of occupation as well as interpersonal skills in dealing with clients. These factors indicate he has the educational, intellectual, and work skills needed to do, or retrain to [do], work within his physical limitations."

{¶ 8} Upon the denial of his second request for reconsideration, Mobley petitioned for the instant writ in the Court of Appeals for Franklin County. He argued that the commission had denied PTD without adequately accounting for his advanced age, limited education, and lack of practicable job experience, as required by *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946, and *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. He also argued that his permanent and total disability was a "substantial likelihood," so that he was entitled to PTD pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. A referee recommended that a writ be granted to compel the commission's further explanation of how these factors, particularly Mobley's age and experience in "sales [for a] locomotive firm," affected his employability. The court of appeals overruled objections, adopted the referee's report, and granted a limited writ for the recommended purpose.

{¶ 9} The cause is before this court upon an appeal and cross-appeal as of right.

————————————

*Daniel D. Connor Co., L.P.A., Daniel D. Connor* and *Kenneth S. Hafenstein,* for appellee and cross-appellant.

*Betty D. Montgomery*, Attorney General, and *Charles Zamora*, Assistant Attorney General, for appellants and cross-appellees Industrial Commission and Bureau of Workers' Compensation.

————————————

*Per Curiam.*

{¶ 10} Two questions are presented for our review: (1) Did the commission comply with *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946, and *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, in denying Mobley PTD? and (2) Does the record demonstrate that Mobley is permanently and totally disabled and, therefore, entitled to PTD?   For the reasons that follow, we find that the commission did not sufficiently explain how Mobley's age combined with his prior sales experience and his education to allow sustained remunerative employment; however, we also find that the court of appeals erred in rejecting Mobley's sales experience as evidence of his employability.   We further find that this record does not warrant relief on the authority of *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666.   Accordingly, we affirm in part and reverse in part.

*Noll* and *Stephenson* Relief

{¶ 11} Where medical evidence establishes that a claimant's permanent impairment due to industrial injury is only partial, the commission must deny PTD unless the claimant's age, work experience, education, or other relevant characteristics, commonly referred to as the *Stephenson* factors, foreclose sustained remunerative employment.   *State ex rel. Hopkins v. Indus. Comm.* (1994), 70 Ohio St.3d 36, 39-40, 635 N.E.2d 1257, 1259; *State ex rel. Lawrence v. Am. Lubricants Co.* (1988), 40 Ohio St.3d 321, 322, 533 N.E.2d 344, 345-346; *State ex rel. Hartung v. Columbus* (1990), 53 Ohio St.3d 257, 258, 560 N.E.2d 196, 198.   And, for all the commission's determinations, *Noll* requires it "to prepare orders that are 'fact-specific and which contain reasons explaining its decision.   * * * Such order[s] must specifically state what evidence has been relied upon to reach its conclusion and, most important, briefly explain the basis of its decision.'"   *State ex rel. Pass v. C.S.T. Extraction* Co. (1996), 74 Ohio St.3d 373, 375, 658 N.E.2d 1055, 1057, quoting *Noll*, 57 Ohio St.3d at 206, 567 N.E.2d at 249.   The commission's failure to specify and explain the impact of the *Stephenson* factors, in accordance with

*Noll*, is an abuse of discretion, and a writ of mandamus will issue to correct the abuse. *State ex rel. Ranomer v. Indus. Comm.* (1994), 71 Ohio St.3d 134, 137, 642 N.E.2d 373, 376.

{¶ 12} The court of appeals correctly determined that the medical report of Dr. Zuelzer represented some evidence allowing the commission's conclusion that Mobley was only permanently partially impaired and that his allowed condition did not preclude sustained remunerative employment. *State ex rel. Ehlinger v. Indus. Comm.* (1996), 76 Ohio St.3d 400, 402, 667 N.E.2d 1210, 1212. The court of appeals also correctly observed that the commission was therefore obligated to explain whether the combination of Mobley's age, work experience, education, etc., permitted his employment. On this issue, the court of appeals wrote:

"The commission found that Mr. Mobley was able to obtain future employment, relying in part upon Mr. Mobley's former employment as a salesman in a 'locomotive firm.' The evidence before us provides no insight as to what was involved in the sales job, so we cannot ascertain what effect the former sales job has on Mr. Mobley's future employability. * * * [T]he absence of information left the commission equally unable to draw inferences including the inferences the commission drew that the thirty-year-old sales experience in a locomotive firm job was 'job experience in a less physical type of occupation as well as interpersonal skills in dealing with clients.'

"The order of the commmission also fails to explain to any helpful degree the effect of Mr. Mobley's age on his employment prospects."

{¶ 13} In its appeal, the commission accuses the court of appeals of having second-guessed the commission's assessment of Mobley's prior sales experience. We agree.

{¶ 14} The commission concluded from Mobley's sales experience that he had acquired interpersonal communication skills, and it considered this skill an employment asset. The commission also noted that Mobley's physical restrictions

were consistent with a sales position, which it did not consider physically demanding. The court of appeals discarded this assessment, finding that (1) the only description of Mobley's sales experience—"sales in [a] locomotive firm"—was too vague to evaluate; and (2) in any event, the experience was too long ago to be of value in the current job market.

{¶ 15} This ruling, as the commission argues, would divest the commission of its power to interpret evidence and draw reasonable inferences. *State ex rel. West v. Indus. Comm.* (1996), 74 Ohio St.3d 354, 356, 658 N.E.2d 780, 782. The phrase "sales in a locomotive firm" is cryptic, but it at least conveys Mobley's undisputed experience in sales, an occupation that is as available today as it was in the 1960s, when Mobley, then in his late thirties, apparently worked for the "locomotive firm." Moreover, the inference that Mobley developed some communicative ability follows naturally from his sales experience, which typically requires interaction with customers in a physically unchallenging environment. Thus, the commission did not abuse its discretion in finding this occupational experience an asset to reemployment. Cf. *State ex rel. Miller v. Indus. Comm.* (1996), 76 Ohio St.3d 590, 592, 669 N.E.2d 844, 846 (fifty-two-year-old claimant's teenage experience of delivering telegrams by bicycle was of "negligible re-employment value" because it was "vocationally and chronologically" remote).

{¶ 16} Reviewing courts must not micromanage the commission as it carries out the business of compensating for industrial/occupational injuries and illness. The commission is the exclusive evaluator of evidentiary weight and disability. *State ex rel. Ellis v. McGraw Edison Co.* (1993), 66 Ohio St.3d 92, 94, 609 N.E.2d 164, 165. Moreover, review of a commission order in mandamus is not *de novo,* and courts must defer to the commission's expertise in evaluating disability, not substitute their judgment for the commission's. *State ex rel. Pass v. C.S.T. Extraction Co.*, *supra*, 74 Ohio St.3d at 376, 658 N.E.2d at 1057-1058. Where a commission order is adequately explained and based on some evidence,

even evidence that may be persuasively contradicted by other evidence of record, the order will not be disturbed as manifesting an abuse of discretion. *Id.; State ex rel. Moss v. Indus. Comm.* (1996), 75 Ohio St.3d 414, 417, 662 N.E.2d 364, 366; *State ex rel. King v. Trimble* (1996), 77 Ohio St.3d 58, 63, 671 N.E.2d 19, 23.

{¶ 17} Here, the commission had evidence that Mobley's allowed condition and past experience were conducive to his employment as a salesperson. The court of appeals ignored this evidence, along with the commission's reasonable inferences, not because the evidence did not exist, but because it was not particularly convincing of Mobley's capacity for sustained remunerative employment. Neither we nor the court of appeals can overturn commission decisions on the weight of the evidence without second-guessing the commission's judgment. Thus, because some evidence supports the commission's assessment of Mobley's prior sales experience, we reverse this much of the court of appeals' judgment.

{¶ 18} In his cross-appeal, Mobley complains that the commission reported that he was sixty-seven at the time of the hearing, but failed to specify how age, in combination with his other *Stephenson* characteristics, permitted employment. We agree that the commission did not sufficiently explain its reasoning for denying Mobley PTD.

{¶ 19} *State ex rel. Moss, supra,* 75 Ohio St.3d at 417, 662 N.E.2d at 366, recognized that while workers' compensation is not payable based solely for the effects of age, a claimant's advanced age in combination with other *Stephenson* characteristics may realistically foreclose employment. Thus, it is not enough for the commission to "just acknowledge" a claimant's age. Rather, the commission must specifically "discuss age in conjunction with the other aspects of the claimant's individual profile that may lessen or magnify age's effects." *Id.* Accord *Ehlinger, supra,* 76 Ohio St.3d 400, 667 N.E.2d 1210 (commission sufficiently explained denial of PTD by specifying that seventy-one-year-old claimant's

relatively low impairment level, college degree, and work history offset the effect of his age).

{¶ 20} Here, the commission did no more than identify Mobley's age. The court of appeals thus properly ordered the commission to give further consideration to the motion for PTD and issue a new order.

{¶ 21} Mobley also argues that the commission either did not consider or failed to explain the impact of his documented lack of rehabilitation potential, which he asserts is a relevant vocational characteristic under *Stephenson*. The commission found that Mobley could perform sustained remunerative employment on a sedentary or light-duty basis regardless of any rehabilitation efforts. Thus, this factor is not determinative on any level of Mobley's PTD eligibility, and we cannot say that the commission abused its discretion by not discussing it.

PTD Eligibility

{¶ 22} Having found that the commission failed to comply with *Noll* and *Stephenson*, we must decide whether to order payment of PTD pursuant to *Gay, supra,* 68 Ohio St.3d 315, 626 N.E.2d 666. *Gay* relief requires the claimant to show that a new decision by the commission denying PTD would necessarily be an abuse of discretion. *Pass, supra*, 74 Ohio St.3d at 376, 658 N.E.2d at 1058. To establish this, Mobley argues that he has a significant impairment; he is now in his seventies; he has only a tenth grade education; he has no skills other than those required to be a sheet metal worker, a job he can no longer physically perform; a vocational specialist concluded that he was completely unemployable; and Dr. Fallon, whose opinion Mobley claims the commission improperly ignored, declared him permanently and totally impaired.

{¶ 23} Mobley is not entitled to PTD under *Gay* for several reasons. First, he exaggerates the severity of his impairment. According to Dr. Reynolds, Mobley's impairment was only thirty percent, and he agreed with Dr. Zuelzer about a right-arm lifting restriction. In *State ex rel. Bruner v. Indus. Comm.* (1997), 77

Ohio St.3d 243, 245, 673 N.E.2d 1278, 1280, in the course of denying mandamus to order PTD, we considered a similar impairment and restriction level to be "relatively low."

{¶ 24} Second, Dr. Fallon also estimated Mobley's permanent partial impairment at twenty-five to thirty percent, with only a right-arm lifting restriction. In fact, Dr. Fallon suggested a permanent and total impairment only after he considered Mobley's age, education, and lack of rehabilitation potential, factors that go to disability, not impairment. Even if these factors were not the basis for Dr. Fallon's medical opinion, the disparity between his permanent partial impairment and permanent total impairment conclusions justifies any second thoughts the commission may have had about the reliability of his report. And, contrary to Mobley's argument, *State ex rel. Hutton v. Indus. Comm.* (1972), 29 Ohio St.2d 9, 58 O.O.2d 66, 278 N.E.2d 34, does not require explanation every time the commission rejects one of its own physician's reports; it instead holds that when the commission rejects its own doctor's report, draws a medical conclusion for which no other evidence of record exists, and fails to explain why, the commission's decision will be considered an abuse of discretion. *Id*. at 13, 58 O.O.2d at 69, 278 N.E.2d at 36.

{¶ 25} Third, the commission disagreed with Mobley about the effect of his education and experience on his employability. It inferred from Mobley's education that he could read, write, and do basic math. It inferred from his prior work history that he had developed marketable interpersonal communication skills and, implicitly, marketable sales ability. These favorable assessments are within the commission's province to make, *Ellis, supra*, 66 Ohio St.3d at 94, 609 N.E.2d at 165, and they are incompatible with Mobley's permanent and total disability. Moreover, as the exclusive evaluator of disability, the commission was not bound to accept an offered vocational report as to Mobley's disability. *King, supra*, 77 Ohio St.3d at 63, 671 N.E.2d at 23.

**{¶ 26}** Mobley's age, therefore, is the only *Stephenson* factor with the potential to tip the balance in favor of a PTD award. Where, as here, a claimant's nonmedical factors are split between favorable and potentially unfavorable considerations, the claimant's permanent and total disability is not inevitable. *Ranomer, supra*, 71 Ohio St.3d at 137, 642 N.E.2d at 376. Accordingly, we order the commission to reconsider Mobley's motion for PTD and to issue an amended order.

*Judgment affirmed in part,*
*reversed in part*
*and limited writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____