Thomas E. Ellis filed this action in mandamus seeking a writ which compels the Industrial Commission of Ohio ("commission") to vacate its order denying him permanent total disability compensation and which compels the commission to enter a new order granting the compensation.
In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. Subsequently, a second magistrate was appointed to complete the case. After the parties had stipulated the pertinent evidence and filed briefs, a magistrate's decision was issued. The magistrate's decision included a recommendation that we deny the requested writ.
Counsel for Mr. Ellis has filed objections to the magistrate's decision. Counsel for the commission has filed a memorandum in response. The case is now before the court for a full, independent review.
Mr. Ellis has suffered a series of injuries during his years of employment. His industrial claims have been allowed for "acute lumbar strain with defect at the L5-S1 level with myofascitis" and for "herniated nucleus pulposis." He has not been employed outside the home since 1985.
The first application for permanent total disability compensation filed on behalf of Mr. Ellis was denied after extensive litigation, including review by the Ohio Supreme Court in State ex rel. Ellis v. McGraw Edison Co. (1993),66 Ohio St.3d 92.
The second application was heard before a staff hearing officer on December 2, 1997. The staff hearing officer entered an order granting permanent total disability compensation, finding that Mr. Ellis had no job experience in sedentary work and no job skills which were transferable to sedentary work. The staff hearing officer also noted that while Mr. Ellis had completed high school, he was functionally illiterate.
McGraw Edison Company appealed the order of the staff hearing officer to the full commission, which reached the opposite conclusion. The commission relied upon medical reports from Boyd W. Bowden, D.O., an employability assessment by Stephen Rosenthal, and a vocational report from J.M. Shane.
Dr. Bowden found that Mr. Ellis could not return to his former employment due to a lifting restriction to ten pounds. Dr. Bowden reported that Mr. Ellis could work at desk-top level using fine motor skills. Dr. Bowden also reported that Mr. Ellis could stand "0-1 hours," could reach at waist level "occasionally (up to 1/3 of time)," could lift or carry up to ten pounds "0-1 hours," and could do the following "not at all": climb, use foot controls, crouch, stoop, bend, kneel, handle or reach at overheard, knee or floor level.
Steven Rosenthal reported Mr. Ellis as functioning at the fourth to sixth grade level on his general educational section but listed his attainment level for the education section as third grade development.
J.M. Shane did not accept the physical capacities restrictions from Dr. Bowden but, instead, chose physical capacities which are less limited. Mr. Shane did this based upon his own assessment that Mr. Ellis's treating physician had more liberal physical restrictions and his belief that Dr. Bowden contradicted himself in his report. However, the treating physician had found Mr. Ellis physically incapable of sustained remunerative employment in a report dated April 10, 1997. Mr. Shane did not list this report as being considered when he did his assessment six months later.
Under the circumstances, the commission could not rely upon the report of J.M. Shane. Mr. Shane had to accept the medical restrictions provided by at least one of the physicians who provided reports. Mr. Shane simply refused to accept and apply the physical restrictions reported by Dr. Bowden. The commission was not at liberty to rely both on Dr. Bowden and Mr. Shane under the circumstances.
As a result, we sustain the objections to the magistrate's decision. The remaining issue to be considered is whether to grant a limited writ of mandamus or whether to grant a full writ of mandamus, which would correspond with the order of the staff hearing officer overturned by the commission. We are willing to have the commission review this matter further, but require the further consideration to be done exclusive of the report of J.M. Shane and after analysis of whether Mr. Rosenthal's report accepts the medical restrictions imposed by Dr. Bowden. If the report of Dr. Bowden is not accepted, then no current medical reports support any result except an award of permanent total disability compensation. As a result, we issue a writ of mandamus which compels the commission to vacate its last order denying permanent total disability compensation and which compels the commission to further consider Mr. Ellis's entitlement to permanent total disability compensation consistent with this opinion.
Objections sustained; writ granted.
LAZARUS, P.J., and YOUNG, J., concur.
YOUNG, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.