O’Donnell, J.,
dissenting.
{¶ 29} Respectfully, I dissent.
{¶ 30} Aaron’s, Inc., appeals from a judgment of the Tenth District Court of Appeals denying its request for a writ of mandamus to compel the Bureau of Workers’ Compensation to vacate its order applying the reclassification of several Aaron’s employees retroactively and to remove the entire back billing on the company’s account. In my view, Aaron’s is entitled to relief because the bureau abused its discretion when it applied the 2008 audit adjustments retroactively and ordered Aaron’s to pay $1.6 million in back billing on its account.
{¶ 31} To obtain relief in mandamus, a party must establish a clear legal right to the relief requested, a clear legal duty to provide that relief, and the lack of an adequate remedy in the ordinary course of law. State ex rel. Turner Constr. Co. of Ohio v. Indus. Comm., 142 Ohio St.3d 310, 2015-Ohio-1202, 29 N.E.3d 969, ¶ 10.
{¶ 32} The standard used by the majority is, “When an order is adequately explained and based on some evidence, there is no abuse of discretion and a reviewing court must not disturb the order.” Majority opinion at ¶ 18, citing State ex rel. Mobley v. Indus. Comm., 78 Ohio St.3d 579, 584, 679 N.E.2d 300 (1997). The majority also notes that the administrator’s designee justified the retroactive application based on the magnitude of the company’s misreporting. Majority opinion at ¶ 25.
{¶ 33} However, the order issued by the bureau in this case is neither adequately explained nor based on any evidence to justify a retroactive application of the 2008 audit results. Rather, without explanation the bureau patently acted contrary to its usual and customary practice of prospectively applying audit changes and instead applied the employee classification audit changes from the 2008 audit retroactively without any basis to do so, as evidenced by e-mails from personnel in the bureau, because the bureau itself admits there is no evidence of intentional wrongdoing by Aaron’s.
{¶ 34} In its final order, the bureau cited the testimony of Charles Goellnitz, a bureau auditor, that it would have been inappropriate to allow Aaron’s to benefit *41 from its inaccurate reporting of payroll due to the scope of the reporting inaccuracies that resulted in a large underpayment of premiums, and that the bureau exercised its discretion under Ohio Adm.Code 4123-17-17(C) and ordered that the audit findings be applied retroactively.
{¶ 35} However, that order fails to adequately explain the bureau’s decision to apply the audit adjustments retroactively for two reasons: first, the bureau does not account for its failure to notify Aaron’s of the results of its 2006 audit which could have prevented Aaron’s from underpaying the $1.6 million that the bureau now orders Aaron’s to pay; and second, the bureau does not explain why it is deviating from its internal policy of applying audit adjustments retroactively only token there is evidence of knowing or intentional wrongdoing. In this instance, there is no indication that Aaron’s knowingly or intentionally misrepresented its payroll and the bureau has made no finding in that regard.
{¶ 36} In 2006, the bureau audited Aaron’s and found that it had incorrectly classified many of its employees as clerical workers. However, the bureau failed to complete a report of the audit because the audit did not pass the bureau’s quality review process, and the bureau never notified Aaron’s that it was miselassifying its employees. In 2008, the bureau conducted a second audit, added new classification codes to the company’s payroll, applied them retroactively to July 1, 2004, in violation of the Ohio Administrative Code, and billed Aaron’s for more than $2 million. Aaron’s appealed that decision, and the bureau’s adjudicating committee limited the retroactive adjustment to a period of two years to conform with the Administrative Code. See former Ohio Adm.Code 4123-17-17(C), 2008-2009 Ohio Monthly Record 2-1840 (limiting retroactive classification to a period of two years). As a result of that adjustment however, the bureau claimed that Aaron’s still owed $1,667,360.81, despite the fact that prior to 2008, the bureau never informed Aaron’s that it had misclassified some of its employees.
{¶ 37} Had the bureau informed Aaron’s after the 2006 audit that the company was miselassifying some of its employees as clerical workers, Aaron’s could have avoided the underpayment of its premiums. Instead, the bureau took no further action until the 2008 audit, and Aaron’s continued to pay premiums as it had in the past, having no indication from the bureau that it should have reclassified its employees as a result of the bureau’s 2006 audit.
{¶ 38} In addition, the bureau has a policy of applying adjustments retroactively only when there is an indication that the employer knew it was improperly classifying employees. Evidence of this policy consists of e-mails between employees of the bureau pointing out their uncertainty with respect to whether the adjustments in this case should or should not be applied retroactively.
*42 {¶ 39} Michael Glass, the bureau’s director of employer compliance, wrote in an e-mail to Goellnitz:
Normally we would go prospective on an audit if we felt the employer didn’t know or couldn’t have known proper reporting requirements or BWC failed to assign the code to their policy, etc. We must have felt that Aaron Rents knew how to report correctly and had the code. This can sometimes be established through a previous audit or some other documented communication with the employer.
{¶ 40} In another e-mail to Glass from Joy Bush, the bureau’s executive director of employer management services, Bush stated, “The only exception I think there would be to prospective is a very obvious case of disregard to previous audit instructions.” (Emphasis added.)
{¶ 41} After the bureau completed its 2008 audit, however, its fraud unit conducted an investigation that concluded:
Upon review of the claims filed and documents received during the audit process and investigation it has been found that Aaron Rents improperly reported several job classifications under the clerical manual. However, based on the documents received, there is currently no evidence to prove that Aaron Rents had knowledge of or intentionally misreported payroll.
(Emphasis added.)
{¶ 42} The e-mail from Michael Glass tellingly articulates that the bureau normally would “go prospective” on audits when the employer did not know proper reporting requirements and asserts that the bureau must have felt Aaron’s knew how to report correctly as can be established through a previous audit or other documented communication. But here, there was no communication from a previous audit or other communication in this case.
(¶ 43} In addition, the Joy Bush e-mail confirms that the only exception to a prospective audit reclassification is a very obvious case of disregard of previous audit instructions. Plainly, the bureau never communicated any previous audit instructions to Aaron’s resulting from its 2006 audit, and that point is not contested and therefore there is no “very obvious case of disregard of previous audit instructions,” and that fact dispels Glass’s assumption that the bureau “must have felt” that Aaron’s knew how to report correctly.
{¶ 44} And finally, the bureau’s fraud unit admitted that no evidence existed to prove Aaron’s had knowledge or intended to misrepresent its payroll.
*43 Fisher & Phillips, L.L.P., Daniel P. O’Brien, and Nicole H. Farley, for appellant.
Michael DeWine, Attorney General, and Cheryl J. Nester, Assistant Attorney General, for appellee.
{¶ 45} These are telling admissions from the bureau that militate strongly against retroactive application of employee classifications and favor adhering to the policy of the bureau regarding prospective application of audit results.
{¶ 46} While the majority emphasizes the magnitude of the misreporting as evidence to justify retroactive application of the employee classification changes, that view is contradicted most directly by the bureau’s fraud unit and the conclusion reached in its report.
{¶ 47} It is apparent that Aaron’s never received previous audit instructions or any other communication from the bureau indicating that it was misclassifying its employees. Thus, there is relevant material evidence that the bureau deviated from its normal policy despite a lack of evidence that Aaron’s knowingly or intentionally misreported payroll.
{¶ 48} Accordingly, because the bureau failed to adequately explain its order applying the audit adjustments retroactively and back billing Aaron’s for $1.6 million and because the bureau’s own e-mails and the conclusion of its fraud unit demonstrate that no evidence exists to prove that Aaron’s knowingly or intentionally misrepresented its payroll, I would conclude that the bureau abused its discretion in retroactively applying its reclassification order, reverse the judgment of the court of appeals, and grant the writ to compel the bureau to vacate its order applying the employee reclassification retroactively and to remove the back billing on that account.
Lanzinger and Kennedy, JJ., concur in the foregoing opinion.