[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 400.]

THE STATE EX REL. EHLINGER, APPELLEE AND CROSS-APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO, APPELLANT AND CROSS-APPELLEE.

[Cite as *State ex rel. Ehlinger v. Indus. Comm.*, 1996-Ohio-191.]

*Workers' compensation—Denial of application for permanent total disabilty*
*compensation by Industrial Commission not an abuse of discretion when*
*"some evidence" is present supporting the commission's conclusion that,*
*medically, claimant could do sedentary work.*

(No. 94-2171—Submitted July 24, 1996—Decided August 21, 1996.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Franklin County, No.
93APD10-1393.

————————————

{¶ 1} Claimant Donald M. Ehlinger, appellee and cross-appellant, sustained two back injuries in the course of and arising from his employment with the Cleveland Zoological Society and the Cleveland Metro Park District. The Industrial Commission of Ohio, appellant and cross-appellee, allowed both workers' compensation claims and claimant eventually filed for permanent total disability compensation.

{¶ 2} Among the medical evidence before the commission was the report of Dr. Gnage, who concluded:

"The patient described to me the activity level of his job requiring climbing, lifting, etc. He has not worked at this job for eight years and is now retired at age 65. Certainly it does not seem likely that he will be able to return to this job. I would not feel there is any specific treatment for his low back problem and would feel he had reached maximum recovery from this. There is one difficulty in my mind in [that] his history dictates pain after walking which could be secondary to spinal stenosis or from vascular insufficiency. I would feel that evaluation by a

vascular surgeon might be necessary to differentiate these two at this point. According to AMA Guides, taking into account his disc operations with mild loss of motion at the back and the obvious degeneration on his spinal x-rays, I would assign an impairment rating of 20% to the body as a whole. The only kind of employment he would be suited * * * for is sedentary type of employment. At his age of 65, I doubt that this is reasonable and I would therefore feel this is a permanent impairment rating and that he would not be able to return to any sustained employment."

{¶ 3} Dr. Jack D. Hutchison also assessed a twenty-five percent impairment, but did not comment on claimant's ability to work or possible physical restrictions. Dr. Aaron Schneider concurred in the twenty-five percent impairment rating.

{¶ 4} The commission ultimately denied permanent total disability, writing:

"The reports of Doctors Gnage, Ljubija [*sic,* Ljuboja] , Schneider, Hutchison and Mr. Fink were reviewed and evaluated. This order is based particularly upon the reports of Drs. Gnage and Hutchison, and the evidence in the file * * *.

"The medical evidence found persuasive are the reports of Commission Specialists, Drs. Gnage and Hutchison. Dr. Gnage assigns the claimant a 20% PPI [permanent partial impairment] to his allowed physical conditions and opines that solely on the basis of these conditions the claimant can perform sedentary work. Dr. Hutchison finds the claimant to demonstrate a 25% PPI and indicates the claimant does not present evidence of radiculopathy or nerve root compression. The report of Commission specialist Schneider, is found unpersuasive in that he considers non-medical factors in [reaching] his conclusion that the claimant is prohibited from sustained remunerative employment. Thus, the reliable medical evidence indicates the claimant has a low to moderate back impairment which, in and of itself, does not preclude the claimant from engaging in sedentary

2

employment. It is noted the claimant is 71 years old, has a B.S. in agriculture, and a vocational history as a grinder, nature counselor and game protector. While it is unclear as to whether the claimant's work experience has afforded him skills transferrable to sedentary employment, his advanced education degree, [and] with it concomitant technical knowledge, strongly suggests the claimant has the skills and qualifications for a number of sedentary jobs. Thus, notwithstanding the claimant's advanced age of 71 nor [*sic*] his possible lack of transferrable skills from work experience, the Commission finds he does have the vocational aptitude based on his education to engage in sustained remunerative employment consistent with his physical restrictions. Accordingly, the claimant's Application for Permanent and Total Disability is denied."

{¶ 5} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying him permanent total disability compensation. The court of appeals held that the order did not satisfy *State ex rel. Noll v. Indus. Comm.* (1990), 57 Ohio St.3d 203, 567 N.E.2d 245, and returned the cause to the commission for further consideration and amended order.

{¶ 6} This cause is now before this court upon an appeal and cross-appeal as of right.

———————————

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy; Hahn & Swadey* and *Victor Hahn*, for appellee and cross-appellant.

*Betty D. Montgomery*, Attorney General, and *Diane M. Meftah*, Assistant Attorney General, for appellant and cross-appellee.

———————————

***Per Curiam.***

**{¶ 7}** Claimant seeks to compel an award of permanent total disability compensation pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. The commission seeks to have its order upheld as is. For the reasons to follow, we find in the commission's favor.

**{¶ 8}** Medically, the commission relied on the reports of Drs. Hutchison *and* Gnage. The latter assessed a twenty percent permanent partial impairment and opined that the allowed conditions would permit sedentary sustained remunerative employment. As such, any alleged deficiencies in Dr. Hutchison's report are immaterial, since Gnage's report is "some evidence" supporting the conclusion that, medically, claimant could do sedentary work.

**{¶ 9}** Examining the commission's evaluation of claimant's nonmedical disability factors, claimant asserts that the commission abused its discretion in characterizing claimant's college degree as a vocational asset. He reasons that because his degree did not generate a sedentary job, the degree does not enhance his prospects for sedentary work. We disagree.

**{¶ 10}** A college degree implies an above-average level of intelligence that would facilitate the acquisition of new skills that are conducive to sedentary work. A college education also suggests a measure of commitment, hard work, and discipline that prospective employers value. The commission did not, therefore, err in viewing claimant's education favorably.

**{¶ 11}** The commission's order acknowledges the strenuous, not sedentary, nature of claimant's previous jobs. Claimant's preoccupation with past experience and current skills ignores a fundamental precept -- "[a] permanent total disability compensation assessment examines both claimant's current and future, *i.e.*, potentially developable, abilities." *State ex rel. Ewart v. Indus. Comm.* (1996), 76 Ohio St.3d 139, 142, 666 N.E.2d 1125, ____. Claimant's prior history and present abilities do not, therefore, necessarily negate future opportunities based on new

skills. This is particularly true where a claimant, as here, possesses an above-average learning capacity. Accordingly, the commission did not err in determining that reemployment/retraining was not foreclosed by claimant's work history.

**{¶ 12}** Claimant also emphasizes his advanced age. While not a vocational asset, age must not be deemed as insurmountable a barrier as the claimant urges. In *State ex rel. Moss v. Indus. Comm.* (1996), 75 Ohio St.3d 414, 417, 662 N.E.2d 364, 366, we wrote:

"Age must instead be considered on a case-by-case basis. To effectively do so, the commission must deem any presumptions about age rebuttable. Equally important, age must never be viewed in isolation. A college degree, for example, can do much to ameliorate the effects of advanced age.

"*Pass* [*State ex rel. Pass v. C.S.T. Extraction Co.* (1995), 74 Ohio St.3d 373, 658 N.E.2d 1055]*, DeZarn* [*State ex rel. DeZarn v. Indus. Comm.* (1996), 74 Ohio St.3d 461, 659 N.E.2d 1259] and *Bryant* [*State ex rel. Bryant v. Indus. Comm.* (1996), 74 Ohio St. 3d 458, 659 N.E.2d 1256] support these propositions. Collectively, these cases establish that there is not an age -- ever -- at which reemployment is held to be a virtual impossibility as a matter of law. Certainly, it would be remiss to ignore the limitations that age can place on efforts to secure other employment. However, limitation should never automatically translate into prohibition.

"Each claimant is different, with different levels of motivation, initiative and resourcefulness. The claimant in *Bryant* is an excellent example of a claimant who was motivated to work well beyond retirement age and was resourceful enough to find a job that valued the experience that his advanced age brought.

"This underscores the commission's responsibility to affirmatively address the age factor. It is not enough for the commission to just acknowledge claimant's age. It must discuss age in conjunction with the other aspects of the claimant's individual profile that may lessen or magnify age's effects.

"In this case, the commission recognized the impediments that claimant's age imposed on her ability to obtain other work. The commission, however, did not find these limitations to be a complete bar to reemployment. Given claimant's relatively low level of impairment, the commission reasoned that, with the claimant's ability to read, write, and do math, sedentary work was not absolutely precluded. This conclusion was within the commission's prerogative as the exclusive evaluator of disability, and we will not substitute our judgment for that of the commission. * * *"

{¶ 13} In this case, the commission found that claimant's low degree of impairment coupled with his high level of education, offset the effect of claimant's advanced age and nonsedentary work history. We do not find that this conclusion constitutes an abuse of discretion.

{¶ 14} Claimant lastly accuses the commission of failing to "affirmatively consider" the report of vocational consultant Michael L. Fink. The commission's order, however, reflects its consideration of his reports. Contrary to claimant's representation, the commission is not required to accept the conclusion of a vocational or rehabilitation report, since to do so "makes the rehabilitation division, not the commission, the ultimate evaluator of disability * * *." *State ex rel. Ellis v. McGraw Edison Co.* (1993), 66 Ohio St.3d 92, 94, 609 N.E.2d 164, 166.

{¶ 15} The commission's freedom to accept or reject a vocational report is particularly important in a case such as this. The Fink reports, dated 1981 and 1988, were not based on personal evaluations but were instead based on telephone and personal conversations. No recent medical reports were reviewed in the 1988 Fink report, nor was any vocational or aptitude testing performed. Fink conceded that claimant had the mental and educational capacity for work and based his conclusion of permanent total disability compensation, in large part, on claimant's inability to travel to and from a job. The commission did not abuse its discretion in rejecting these reports.

{¶ 16} Based upon these factors, the judgment of the court of appeals is hereby reversed.

*Judgment reversed.*

MOYER, C.J., PFEIFER, COOK and STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent and would affirm the judgment of the court of appeals.

————————————