THE STATE EX REL. BRUNER, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Bruner v. Indus.
Comm.* (1997), 77 Ohio St.3d 243.]

(No. 94–2571—Submitted October 8, 1996—Decided January 15, 1997.)

244

*Stanley L. Josselson,* for appellant.

---

*Per Curiam.* We are once again asked to evaluate the sufficiency of an order by the commission denying permanent total disability compensation. Upon review, we find that the order does not satisfy *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

We are disturbed by the increasing frequency with which the commission has denied permanent total disability compensation based on "transferable skills" that the commission refuses to identify. This lack of specificity is even more troubling when those "skills" are derived from traditionally unskilled jobs. As such, we find that the commission's explanation of claimant's vocational potential in this case is too brief to withstand scrutiny.

Having found *Noll* noncompliance, we must select the appropriate remedy. Claimant's request for relief consistent with *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, is inappropriate in this case. Claimant possesses a high school equivalency degree and his age is not work-prohibitive. Equally significant, claimant's degree of physical impairment is relatively low, and only one medical restriction has been imposed on him. Claimant's residual capacities do suggest that there may be sustained remunerative employment of which he is capable. As such, the cause is more properly returned to the commission for further consideration and amended order.

We note that claimant has also raised a proposition of law regarding his retirement. Since claimant's retirement did not form the basis for the denial of his application for permanent total disability compensation, we find that further discussion on this issue is premature.

The judgment of the court of appeals is reversed, and a limited writ is issued returning the cause to the commission for further consideration and amended order.

*Judgment reversed
and limited writ granted.*

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and STRATTON, JJ., dissent.

COOK, J., dissenting. I respectfully dissent from the majority opinion. The majority attacks the commission's order as *Noll*-deficient because it does not delineate "transferable skills" possessed by Bruner. Because the commission's order is based on Bruner's ability to obtain another *unskilled* position with minimal lifting requirements, Bruner's "transferable skills" were not pivotal to

the commission's conclusion regarding Bruner's potential reemployment. Accordingly, delineation of "transferable skills" flowing from Bruner's prior work experience is unnecessary to provide a meaningful review of the commission's order.

Work experience of any type develops certain disciplines that are transferable. Sometimes these disciplines are apparent (*e.g.,* dexterity developed from certain types of manual labor, clerical skills developed from office employment, light duty repair knowledge developed from maintenance positions, etc.). It serves little purpose to require the commission to delineate obvious skills that are widely transferable. To the contrary, when the commission must rely on skills of the claimant that are not apparent from his or her prior work history to overcome other factors, the delineation of such skills will prove meaningful. Accordingly, the commission should be required to specifically delineate "transferable skills" only when such skills are not obviously possessed by the claimant through his or her prior work experience and where such skills are pivotal to the claimant's opportunity for reemployment.

The commission's decision does not rest on transferable skills possessed by Bruner. While the commission notes that Bruner possesses "vocational skills" that would aid him in obtaining or retraining for sedentary or light employment consistent with his lifting restrictions, it specifically relies on Bruner's vocational *aptitude,* as evidenced by his attainment of a GED, in support of its conclusion that he is not foreclosed from obtaining *unskilled* sedentary or light duty employment. Absence of transferable skills does not foreclose a claimant from reemployment in a new position. As we reiterated in *State ex rel. Ehlinger v. Indus. Comm.* (1996), 76 Ohio St.3d 400, 402, 667 N.E.2d 1210, 1212, " '[a] permanent total disability compensation assessment examines both claimant's current and future, *i.e.,* potentially developable, abilities.' "

The commission is exclusively responsible for judging the weight and credibility of evidence before it. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 20–21, 31 OBR 70, 72, 508 N.E.2d 936, 938. Accordingly, we should uphold a commission decision where it is based on the appropriate considerations and is supported by some evidence. *State ex rel. Pass v. C.S.T. Extraction Co.* (1996), 74 Ohio St.3d 373, 376, 658 N.E.2d 1055, 1057. Here the commission order reveals that it considered all relevant medical and nonmedical evidence attributable to Bruner. The commission concluded that the medical restrictions placed on Bruner because of his allowed conditions were minimal and that Bruner possessed the vocational aptitude to overcome possible impediments to reemployment posed by his age and lack of experience in what is traditionally considered "skilled" employment. As such, the commission's order complies with *Noll* and is supported by some evidence.

I would therefore affirm the appellate court's judgment.

MOYER, C.J., and STRATTON, J., concur in the foregoing dissenting opinion.