[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 243.]

THE STATE EX REL. BRUNER, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO ET AL., APPELLEES.

[Cite as State ex rel. Bruner v. Indus. Comm., 1997-Ohio-43.]

*Workers' compensation—Application for permanent total disability compensation—Denial of application by Industrial Commission an abuse of discretion when commission's order does not satisfy requirements of Noll—Commission's explanation of claimant's vocational potential too brief to withstand scrutiny.*

(No. 94-2571--Submitted October 8, 1996--Decided January 15, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD10-1389.

————————————

{¶ 1} Appellant-claimant, Hugh Bruner, sustained several industrial injuries while in the course of and arising from his employment as a window washer and maintenance worker for the city of Cleveland. The most severe injury occurred in 1989, and claimant's workers' compensation claim was allowed for "bruised left elbow; strain and sprain left ankle; lumbar spine and thigh; herniated lumbar disc L5-S1 and aggravation of pre-existing degenerative disease." Claimant did not return to work. He received temporary total disability compensation until December 29, 1992, during which time he retired.

{¶ 2} Claimant eventually filed an application for permanent total disability compensation, which was heard by a commission deputy pursuant to *State ex rel. Eaton Corp. v. Lancaster* (1988), 40 Ohio St.3d 404, 534 N.E. 2d 46. Claimant was awarded permanent total disability compensation from December 30, 1992 through April 10, 1993, and further compensation was to be considered on the date of the full commission hearing.

**{¶ 3}** Claimant's application was held in abeyance pending his examination by commission specialist Dr. Timothy J. Fallon. In his report of April 22, 1993, Dr. Fallon assessed a twenty-five percent permanent partial impairment and imposed only one restriction on claimant--no lifting in excess of twenty-five pounds. Dr. Fallon felt that claimant was capable of sustained remunerative employment, but that he could not return to his former job.

**{¶ 4}** Claimant's application was heard by the full commission on June 9, 1993. The commission in its order denied permanent total disability compensation, writing:

"Claimant is 59 years old, has a general equivalency diploma and his work history consists of maintenance work and window washer. Claimant's treatment has been conservative consisting primarily of physical therapy for relief of his back pain. Claimant has not had surgery or been hospitalized for any of his allowed conditions[.] Dr. Fallon, Commission P.M.R. Specialist, opined that claimant is capable of engaging in sustained remunerative employment. Dr. Fallon indicated that claimant's impairment is 25% and that claimant is restricted from lifting in excess of 25 lbs. He stated that claimant is capable of handling standing and walking activities. After considering the above, the Commission finds that the allowed conditions do not render claimant permanently and totally disabled. Specifically, the report of Dr. Fallon reflects that claimant is only restricted to lifting no more than 25 lbs. and thus could perform sedentary or light duty employment. Despite claimant's work experience, the Commission finds that claimant has sufficient vocational skills to obtain or be trained for sedentary or light employment consistent with the 25 lbs. lifting restriction. The Commission particularly relies upon claimant's attainment of a GED and the fact that there are positions available in the labor market at the unskilled sedentary and light level. Accordingly, for the above, claimant's Application for Permanent Total Disability is denied."

**{¶ 5}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying him permanent total disability compensation. The court of appeals disagreed and denied the writ.

**{¶ 6}** This cause is now before this court upon an appeal as of right.

*Stanley L. Josselson*, for appellant.

———————————

*Per Curiam.*

**{¶ 7}** We are once again asked to evaluate the sufficiency of an order by the commission denying permanent total disability compensation. Upon review, we find that the order does not satisfy *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

**{¶ 8}** We are disturbed by the increasing frequency with which the commission has denied permanent total disability compensation based on "transferable skills" that the commission refuses to identify. This lack of specificity is even more troubling when those "skills" are derived from traditionally unskilled jobs. As such, we find that the commission's explanation of claimant's vocational potential in this case is too brief to withstand scrutiny.

**{¶ 9}** Having found *Noll* noncompliance, we must select the appropriate remedy. Claimant's request for relief consistent with *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, is inappropriate in this case. Claimant possesses a high school equivalency degree and his age is not work-prohibitive. Equally significant, claimant's degree of physical impairment is relatively low, and only one medical restriction has been imposed on him. Claimant's residual capacities do suggest that there may be sustained remunerative employment of which he is capable. As such, the cause is more properly returned to the commission for further consideration and amended order.

**{¶ 10}** We note that claimant has also raised a proposition of law regarding his retirement.  Since claimant's retirement did not form the basis for the denial of his application for permanent total disability compensation, we find that further discussion on this issue is premature.

**{¶ 11}** The judgment of the court of appeals is reversed, and a limited writ is issued returning the cause to the commission for further consideration and amended order.

*Judgment reversed*

*and limited writ granted.*

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ. concur.

MOYER, C.J., COOK and STRATTON, JJ., dissent.

_____

**COOK, J., dissenting.**

**{¶ 12}** I respectfully dissent from the majority opinion.  The majority attacks the commission's order as *Noll*-deficient because it does not delineate "transferable skills" possessed by Bruner.  Because the commission's order is based on Bruner's ability to obtain another *unskilled* position with minimal lifting requirements, Bruner's "transferable skills" were not pivotal to the commission's conclusion regarding Bruner's potential reemployment. Accordingly, delineation of  "transferable skills" flowing from Bruner's prior work experience is unnecessary to provide a meaningful review of the commission's order.

**{¶ 13}** Work experience of any type develops certain disciplines that are transferable.  Sometimes these disciplines are apparent (*e.g.*, dexterity developed from certain types of manual labor, clerical skills developed from office employment, light duty repair knowledge developed from maintenance positions, etc.).  It serves little purpose to require the commission to delineate obvious skills that are widely transferable.  To the contrary, when the commission must rely on skills of the claimant that are not apparent from his or her prior work history to

overcome other factors, the delineation of such skills will prove meaningful. Accordingly, the commission should be required to specifically delineate "transferable skills" only when such skills are not obviously possessed by the claimant through his or her prior work experience and where such skills are pivotal to the claimant's opportunity for reemployment.

{¶ 14} The commission's decision does not rest on transferable skills possessed by Bruner. While the commission notes that Bruner possesses "vocational skills" that would aid him in obtaining or retraining for sedentary or light employment consistent with his lifting restrictions, it specifically relies on Bruner's vocational *aptitude*, as evidenced by his attainment of a GED, in support of its conclusion that he is not foreclosed from obtaining *unskilled* sedentary or light duty employment. Absence of transferable skills does not foreclose a claimant from reemployment in a new position. As we reiterated in *State ex rel. Ehlinger v. Indus. Comm.* (1996), 76 Ohio St.3d 400, 402, 667 N.E.2d 1210, 1212, "'[a] permanent total disability compensation assessment examines both claimant's current and future, *i.e.,* potentially developable, abilities.'"

{¶ 15} The commission is exclusively responsible for judging the weight and credibility of evidence before it. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 20-21, 31 OBR 70, 72, 508 N.E.2d 936, 938. Accordingly, we should uphold a commission decision where it is based on the appropriate considerations and is supported by some evidence. *State ex rel. Pass v. C.S.T. Extraction Co.* (1996), 74 Ohio St.3d 373, 376, 658 N.E.2d 1055, 1057. Here the commission order reveals that it considered all relevant medical and nonmedical evidence attributable to Bruner. The commission concluded that the medical restrictions placed on Bruner because of his allowed conditions were minimal and that Bruner possessed the vocational aptitude to overcome possible impediments to reemployment posed by his age and lack of experience in what is

traditionally considered "skilled" employment. As such, the commission's order complies with *Noll* and is supported by some evidence.

{¶ 16} I would therefore affirm the appellate court's judgment.

MOYER, C.J., and STRATTON, J., concur in the foregoing dissenting opinion.

_____