THE STATE EX REL. MANN, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Mann v. Indus. Comm.* (1998), 80 Ohio St.3d 656.]

(No. 95–1173—Submitted October 7, 1997—Decided January 7, 1998.)

*E.S. Gallon & Associates* and *Richard M. Malone,* for appellee.

*Betty D. Montgomery,* Attorney General, and *James A. Barnes,* Assistant Attorney General, for appellant.

*Overly, Spiker, Chappano & Wood, L.P.A., Douglas E. Spiker* and *Lev K. Martyniuk,* urging reversal for *amicus curiae,* Sonoco Products Co.

**Per Curiam.** Compliance with *Noll* is the sole issue presented. The court of appeals concluded that *Noll's* standard had not been met, and we affirm that judgment.

"Some evidence" supports the commission's determination that claimant is medically capable of sustained remunerative employment. While claimant challenges the sufficiency of Dr. Holbrook's report, she does not dispute Dr. Dillahunt's assessment of an ability to do sedentary work. There is, therefore, "some evidence" of a sedentary work capacity.

The controversy surrounding the commission's nonmedical analysis focuses on the Anderson vocational report. Claimant contends that the commission could not have relied on the report to deny permanent total disability, given Anderson's ultimate conclusion. The flaw in this assertion, however, is that it ignores the commission's discretion in dealing with vocational evidence, *i.e.,* that the commission can accept a report's underlying facts while rejecting its conclusion. *State ex rel. Ellis v. McGraw Edison Co.* (1993), 66 Ohio St.3d 92, 609 N.E.2d 164. Thus, the commission could accept the job availability/medical capacity figure without accepting Anderson's opinion that claimant was vocationally disqualified from those jobs—that is exactly what the commission did. This, of course, obligated

the commission to perform its own evaluation of claimant's nonmedical factors— an analysis that ultimately proves deficient.

The commission, in finding claimant capable of work, relies overwhelmingly on claimant's past employment. Its discussion is flawed because, despite excessive verbiage, it is no more than a recitation of claimant's nonmedical profile. The commission lists claimant's work history three times but never explains how those nonsedentary jobs equip claimant for a sedentary position. Moreover, the commission's reference to "sedentary low stress positions in the food service industry" merits further explanation. While the commission is generally not required to enumerate the jobs of which it believes claimant to be capable, its assertion that claimant could do low stress sedentary work in an industry that is traditionally considered neither low stress nor sedentary requires further exploration.

Claimant urges us to issue a full writ of mandamus under *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, rather than return the cause pursuant to *Noll.* However, the reference in the Anderson vocational report to potential job compatibility persuades us that a return to the commission for further consideration and amended order is the preferable remedy.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.