[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 656.]

THE STATE EX REL. MANN, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Mann v. Indus. Comm*., 1998-Ohio-660.]

*Workers' compensation—Industrial Commission's denial of permanent total disability compensation returned for further consideration.*

(No. 95-1173—Submitted October 7, 1997—Decided January 7, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD05-656.

_____

{¶ 1} Appellee-claimant, Elizabeth F. Mann, sustained three injuries while employed as a packer for Sonoco Products Company. Her workers' compensation claims were allowed, the most recent arising from a 1980 injury. The two most serious allowed conditions are a right shoulder tendonitis and a psychogenic pain disorder.

{¶ 2} In 1987, claimant moved appellant, Industrial Commission of Ohio, for permanent total disability compensation. She submitted a report from attending psychiatrist Dr. G.M. Sastry, who certified claimant as permanently and totally impaired due to her allowed psychiatric condition.

{¶ 3} The commission heard claimant's application on June 9, 1993. Among the evidence before it was the report of Dr. Paul H. Dillahunt, who assigned a fifty-nine percent combined effects impairment. He opined that claimant "is permanently unable to return to the performance of her usual and customary occupation as a packer which requires full use of both upper extremities, but she could perform some other substantial gainful activity. Elizabeth Mann would be capable of performing occupations which would not require reaching, full use of the right upper extremity or lifting over ten pounds frequently. Elizabeth Mann is

not permanently totally impaired from the combined effects of the allowed conditions of the three industrial accidents."

{¶ 4} The commission referred claimant's file to vocational expert Mark Anderson for an assessment. His summary and conclusion were as follows:

"Part 1. Opinions based upon the industrial injuries:

"Based solely on the allowed conditions and assuming the claimant could perform work at the sedentary level of exertion, there would be low stress, unskilled work Ms. Mann could perform. A sample of those job titles were illustrated in the body of this report. Using the State of Ohio as the data base, there were over 18,000 entry level jobs with an average median wage of $331.31 which match Ms. Mann's vocational profile.

"Part Two. Opinions based on the total evaluation of the claimant:

"Factoring Ms. Mann's advancing age (59), lack of transferable work skills, time away from the work force and current capacity for low-stress sedentary work into the profile, she would be considered vocationally totally disabled.

"*REHABILITATION POTENTIAL*:

"Given the claimant's current age, past work history and medical information available in the case file, I have no vocational services to recommend."

{¶ 5} The commission denied claimant permanent total disability compensation, writing:

"The reports of Doctor(s) Sastry, Bonds, Braunlin, Holbrook, Louis, Nims, and Dillahunt and the vocational report of Mr. Anderson were reviewed and evaluated. The order is based particularly upon the reports of Doctor(s) Holbrook, Louis and Dillahunt, evidence in the file and/or evidence adduced at the hearing.

"The claimant is 59 years old, has an 11th grade education with a GED and work experience as a packer, ceramic factory worker, restaurant worker, factory and assembly worker, cook, cashier, and cleaner. Claimant has not worked since 10/12/80, the date of the most recent injury. Claimant's treatment for the allowed

conditions has been entirely conservative. The medical evidence found persuasive includes the reports of Drs. Holbrook, Louis and Dillahunt. Dr. Louis, Commission neurologist, examined claimant on 7/31/91 and found a total impairment of 20%. Dr. Louis concluded that claimant is capable of sustained remunerative employment. Dr. Holbrook, Commission staff physician, rendered a claim file review on 6/6/90. This report is relied upon as it is fairly consistent with the 3/16/93 file review of Dr. Dillahunt, Commission staff physician. Dr. Holbrook found a 52% permanent partial impairment from the combined effects of the allowed conditions and concluded that claimant could perform low stress sedentary work. Dr. Dillahunt found a 59% permanent partial combined effects impairment and also indicated that claimant is capable of essentially sedentary low stress employment. The report of vocational expert Anderson was reviewed but not relied upon as the conclusion is inconsistent. The expert first stated that there were over 18,000 entry level jobs at the low stress sedentary level available in the Ohio labor market that matched claimant's vocational profile. Then, however, the expert stated the claimant should be considered vocationally totally disabled. The Commission acepts [*sic*] the expert[']s first opinion that claimant is capable of low stress sedentary employment and that there are over 18,000 positions available at the low stress sedentary level of employment that match claimant's vocational profile. Accordingly, the Commission denies claimant's application for permanent total disability. The Commission specifically finds that claimant is capable of sedentary low stress employment as supported by the medical evidence cited above. Furthermore, claimant is still three years from the normal age of retirement, has obtained a GED, and has work experience as a cook, cashier, and other various factory work, the Commission concludes the claimant has the vocational presentation to obtain low stress sedentary employment. The Commission specifically relies upon the claimant's work experience as a cook, cashier and restaurant worker to find that claimant has some skills in the food service industry

that may transfer or apply to sedentary low stress positions in the food service industry."

{¶ 6} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying her permanent total disability compensation. The court of appeals found that the commission's order did not satisfy *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, and issued a limited writ which vacated the order and returned the cause for further consideration and amended order.

{¶ 7} This cause is now before this court upon an appeal as of right.

_____

*E.S. Gallon & Associates* and *Richard M. Malone*, for appellee.

*Betty D. Montgomery*, Attorney General, and *James A. Barnes*, Assistant Attorney General, for appellant.

*Overly, Spiker, Chappano & Wood, L.P.A., Douglas E. Spiker* and *Lev K. Martyniuk*, urging reversal for *amicus curiae,* Sonoco Products Co.

_____

*Per Curiam.*

{¶ 8} Compliance with *Noll* is the sole issue presented. The court of appeals concluded that *Noll*'s standard had not been met, and we affirm that judgment.

{¶ 9} "Some evidence" supports the commission's determination that claimant is medically capable of sustained remunerative employment. While claimant challenges the sufficiency of Dr. Holbrook's report, she does not dispute Dr. Dillahunt's assessment of an ability to do sedentary work. There is, therefore, "some evidence" of a sedentary work capacity.

{¶ 10} The controversy surrounding the commission's nonmedical analysis focuses on the Anderson vocational report. Claimant contends that the commission could not have relied on the report to deny permanent total disability, given Anderson's ultimate conclusion. The flaw in this assertion, however, is that it

ignores the commission's discretion in dealing with vocational evidence, *i.e*., that the commission can accept a report's underlying facts while rejecting its conclusion. *State ex rel. Ellis v. McGraw Edison Co*. (1993), 66 Ohio St.3d 92, 609 N.E.2d 164. Thus, the commission could accept the job availability/medical capacity figure without accepting Anderson's opinion that claimant was vocationally disqualified from those jobs—that is exactly what the commission did. This, of course, obligated the commission to perform its own evaluation of claimant's nonmedical factors—an analysis that ultimately proves deficient.

{¶ 11} The commission, in finding claimant capable of work, relies overwhelmingly on claimant's past employment. Its discussion is flawed because, despite excessive verbiage, it is no more than a recitation of claimant's nonmedical profile. The commission lists claimant's work history three times but never explains how those nonsedentary jobs equip claimant for a sedentary position. Moreover, the commission's reference to "sedentary low stress positions in the food service industry" merits further explanation. While the commission is generally not required to enumerate the jobs of which it believes claimant to be capable, its assertion that claimant could do low stress sedentary work in an industry that is traditionally considered neither low stress nor sedentary requires further exploration.

{¶ 12} Claimant urges us to issue a full writ of mandamus under *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, rather than return the cause pursuant to *Noll*. However, the reference in the Anderson vocational report to potential job compatibility persuades us that a return to the commission for further consideration and amended order is the preferable remedy.

{¶ 13} The judgment of the court of appeals is affirmed.

*Judgment affirmed*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____