[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 185.]

THE STATE EX REL. NICKELL, APPELLANT, v. INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State ex rel. Nickell v. Indus. Comm., 1998-Ohio-123.]

*Workers' compensation—Denial of permanent total disability compensation by Industrial Commission—State ex rel. Gay relief ordered, when.*

(No. 95-2088—Submitted June 9, 1998—Decided September 23, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD08-1112.

_____

{¶ 1} Appellant-claimant Lois J. Nickell's 1974 workers' compensation claim was allowed for "lumbosacral strain and contusion of coccyx; mild depressive illness; aggravation of preexisting schizophrenia." In 1988, she moved appellee Industrial Commission of Ohio for permanent and total disability compensation ("PTD"). Claimant's combined-effects permanent partial impairment as a result of the allowed conditions was assessed at fifty-one percent by Dr. Walter A. Holbrook. He opined that claimant was medically capable of sedentary sustained remunerative employment, but was not a good candidate for rehabilitation or retraining.

{¶ 2} The commission denied PTD compensation on April 15, 1992, writing:

"Claimant is 55 years of age, has an 8th grade education and a work history as a cashier and factory worker. Commission specialists Drs. Flexman, Louis and Holbrook indicated claimant has a combined 51% PPI and retains the residual functional capacity to perform low-stress sedentary work. With consideration given to all factors, claimant is found not to be PTD."

**{¶ 3}** The commission, believing that the order did not satisfy *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, set the matter for further hearing. The commission on April 21, 1993 again denied PTD, writing:

" * * * The order is based particularly upon the reports of Drs. Flexman, J. Shaffer, Louis and Holbrook * * *.

"After a review and consideration of the medical evidence on file, the Commission concludes that the claimant's allowed conditions do not render her permanently totally impaired from all gainful employment. Medical evidence found persuasive includes the reports of Commission Specialists Drs. Flexman, Shaffer, Louis and Holbrook. Commission Neuropsychologist Dr. Flexman found the claimant's depressive disorder to represent a 30% permanent partial impairment and opined that this condition would not prevent her from returning to her previous position of employment. Commission Psychologist Dr. Jill Shaffer opines that the claimant's allowed psychological conditions, especially her aggravation of pre-existing schizophrenia, prevents her from returning to her former position of employment. However, Dr. Shaffer indicates that the percentage of impairment attributable to the claimant's psychological conditions is a moderate 30-40%, and these conditions in and of themselves would not preclude the claimant from returning to some sustained remunerative employment. Dr. Shaffer's opinion that the claimant is permanently precluded from returning to work is found unpersuasive in that she considers non-medical disability factors in this conclusion. Commission Neurologist Dr. Louis finds the claimant to demonstrate only a 5% permanent partial impairment due to her back injury. Dr. Louis further opines that the claimant retains the physical capacity to return to her former position of employment when considering solely her allowed physical conditions.

"The Combined Effects Review of Dr. Holbrook finds the claimant to demonstrate a 51% overall impairment and suggests that she is not permanently totally impaired as a result of her allowed conditions. While it is noted that the

claimant has undergone a number of psychiatric hospitalizations which primarily occurred between 1982 and 1985, her course of treatment for her allowed physical conditions has been exclusively conservative in nature. Thus, considering the aforementioned medical evidence, the Commission determines that the claimant presents a minimal back impairment and a moderate psychological impairment. Considering these impairments in conjunction, the Commission concludes that the claimant retains the residual functional capacity to engage in low stress light duty and/or sedentary work. Considering her non-medical disability factors, the Commission determines that she possesses the vocational aptitude to enable her to obtain gainful work compatible with her physical and mental limitations. It is noted that the claimant is 56 years old, possesses an 8th grade education, and has a work history as a cashier, factory worker, bakery worker, and mailroom clerk. The Commission finds that the claimant's prior work experience as a cashier and mailroom clerk provided her with job skills transferable to many low stress, light duty and sedentary work opportunities. Furthermore, based primarily upon her relatively young age, the Commission determines that the claimant remains a viable candidate to return to work irregardless [*sic*] of her limited educational level. Accordingly, finding the claimant to be capable of engaging in some sustained remunerative employment consistent with her physical and mental work restrictions, the Commission denies her Application for Permanent Total Disability."

{¶ 4} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying PTD compensation. The court of appeals found that the order did not satisfy *Noll*, and again returned the cause for further consideration and amended order.

{¶ 5} This cause is now before this court upon an appeal as of right.

———————————

*Hochman & Roach Co., L.P.A.*, and *Gary D. Plunkett*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Julia A. Collier*, Assistant Attorney General, for appellee.

_____

*Per Curiam.*

{¶ 6} The parties do not dispute the appellate court's finding of *Noll* noncompliance, and the propriety of that decision has been further reinforced by the recent decisions in *State ex rel. Bruner v. Indus. Comm.* (1997), 77 Ohio St.3d 243, 673 N.E.2d 1278, and *State ex rel. Mann v. Indus. Comm.* (1998), 80 Ohio St.3d 656, 687 N.E.2d 773. *Mann* and *Bruner* involved claimants with a work history akin to that seen here—unskilled and nonsedentary. The commission denied PTD in both cases after determining that the claimant possessed job skills that would transfer to other positions. In neither case did the commission identify what these perceived "skills" were, and only in *Mann* did the commission even hint at what these potential new jobs might be.

{¶ 7} We twice found *Noll* noncompliance and pointedly admonished the commission for its hollow orders in both cases. In *Bruner*, we wrote:

"We are disturbed by the increasing frequency with which the commission has denied permanent total disability compensation based on 'transferable skills' that the commission refuses to identify. This lack of specificity is even more troubling when those 'skills' are derived from traditionally unskilled jobs." *Id*. at 245, 673 N.E.2d at 1280.

{¶ 8} In *Mann*, we stated:

"The commission, in finding claimant capable of work, relies overwhelmingly on claimant's past employment. Its discussion is flawed because, despite excessive verbiage, it is no more than a recitation of claimant's nonmedical profile. The commission lists claimant's work history three times but never explains how those nonsedentary jobs equip claimant for a sedentary position. Moreover, the commission's reference to 'sedentary low stress positions in the food

4

service industry' merits further explanation. While the commission is generally not required to enumerate the jobs of which it believes claimant to be capable, its assertion that claimant could do low stress sedentary work in an industry that is traditionally considered neither low stress nor sedentary requires further exploration." *Id*. at 659, 687 N.E.2d at 776.

{¶ 9} *Mann* and *Bruner* establish that the present claimant, at a minimum, is entitled to a *Noll* "remand." Claimant, however, urges us to go one step further and order PTD pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. Claimant's position is persuasive.

{¶ 10} Our decision to order a *Noll* remand in *Bruner* does not control, due to significant factual distinctions between this case and *Bruner*. Unlike Bruner, this claimant does not have a GED and must rely on her eighth grade education. Moreover, Bruner had a low twenty-five percent impairment. The present claimant's impairment is more than double that amount.

{¶ 11} The present claimant has also been described as a poor candidate for retraining or rehabilitation by the doctor on whom the commission expressly relied. This distinguishes this case from *Mann*, in which the vocational consultant who assessed Mann said that there were jobs for which she was medically and vocationally qualified. This factor, combined with Mann's possession of a GED, sets the present case apart.

{¶ 12} It is difficult, in this case, to view without skepticism the commission's ability to accomplish anything meaningful upon a return for further consideration. The commission cannot identify something that does not exist, and the existence of any significant "skills" as derived from a cashier or mailroom clerk position is very dubious. The same can be said of the "many" jobs that the claimant can purportedly do. Because claimant's education, unskilled work history, and poor candidacy for retraining limit her to unskilled labor, we question how many

of those jobs realistically exist in the low stress light/sedentary realm.  For these reasons, we find *Gay* relief to be the more appropriate remedial option.

**{¶ 13}** That portion of the appellate judgment which found *Noll* noncompliance is affirmed.  That portion which returned the cause for further consideration pursuant to *Noll* is reversed, and a writ of mandamus consistent with *Gay* is hereby granted.

*Judgment reversed in part*

*and affirmed in part*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

_____

**COOK, J., dissenting.**

**{¶ 14}** I respectfully dissent from the majority's opinion.  I would affirm the judgment of the court of appeals returning the case pursuant to *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.  This is not a case of vocationally unfavorable evidence paired with a high degree of physical impairment — the usual *Gay* relief profile.  See *State ex rel. Domjancic v. Indus. Comm.* (1994), 69 Ohio St.3d 693, 635 N.E.2d 372.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

_____