MEMORANDUM DECISION
Relator, Eugene Fritchen, commenced this original action requesting a writ of mandamus which orders respondent Industrial Commission of Ohio to vacate its order denying his application for permanent total disability compensation, and to issue an order finding that he is entitled to said compensation.
Pursuant to Civ.R. 53 and Section M, Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. In her decision the magistrate concluded that the commission adequately considered and addressed the non-medical disability factors and, because those factors are supported by the evidence, the commission did not abuse its discretion in finding relator capable of sustained remunerative employment.
Relator has filed objections to the magistrate's conclusions of law, first arguing that the magistrate erred in finding relator's age does not foreclose re-employment. Apart from relator's age, the remaining factors indicate relator is capable of sustained remunerative employment. Indeed, although relator is of advanced age, he continued to work in sheet metal fabrication until April 30, 1997, at which time he was seventy-seven years old. The Supreme Court has indicated that there is no age — ever — at which re-employment is held to be virtually impossible as a matter of law. State ex rel. Ehlinger v. Indus. Comm. (1996), 76 Ohio St.3d 400,402. Accordingly, the magistrate did not err in concluding that relator's age did not alone convert the otherwise favorable non-medical disability factors into factors indicating relator to be incapable of sustained remunerative employment. For the reasons set forth in the magistrate's decision, relator's first objection is overruled.
Relator's second objection challenges certain language from the magistrate's decision which, according to relator, attributes relator's present condition to age-related factors. Even if the magistrate's decision is subject to some misinterpretation, we construe the magistrate to indicate that permanent total disability compensation is not intended to compensate a claimant for simply growing old. Accordingly, relator's second objection is overruled.
Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Objections overruled; writ denied.
BROWN and DESHLER, JJ., concur.