DECISION
{¶ 1} Relator, Rosalyn Pratt, commenced this action requesting a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying her application for permanent total disability ("PTD") compensation and ordering the commission to enter an order granting said compensation.
 {¶ 2} Pursuant to Civ.R. 53(C), and Loc.R. 12(M), of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In that decision, the magistrate determined that the commission is only required to cite the evidence upon which it relies in granting or denying compensation. Because the commission did not rely upon the medical report of Dr. Paul M. Gangl, it was not required to discuss that report. The magistrate also found that the commission properly analyzed the non-medical factors in denying relator compensation. Lastly, the magistrate determined that the commission's decision complied with State ex rel. Noll v. Indus. Comm. (1991),57 Ohio St.3d 203, even though the staff hearing officer ("SHO") utilized similar language and similar rationale in denying a different claimant's application for PTD compensation.
 {¶ 3} Accordingly, the magistrate has recommended that the court deny the requested writ of mandamus.
 {¶ 4} Relator has filed objections, again arguing that the commission failed to properly consider relator's non-medical vocational factors and failed to comply with the requirements of Noll. Relator's objections fail to raise any points not adequately addressed by the magistrate's decision. For the reasons set forth in the magistrate's decision, the objections are overruled.
 {¶ 5} Following an independent review of this matter, we find that the magistrate has properly determined the pertinent facts and has applied the applicable law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, we deny the requested writ of mandamus.
Objections overruled; Writ of mandamus denied.
BOWMAN and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth District Court of Appeals, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 IN MANDAMUS {¶ 6} Relator, Rosalyn Pratt, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denies her application for permanent total disability ("PTD") compensation and ordering the commission to find that she is entitled to said compensation.
Findings of Fact:
 {¶ 7} 1. Relator sustained a work-related injury on September 14, 1984, and her claim has been allowed for: "bruises and ecchymosis of right arm with abrasions; left arm abrasions; left index finger injury; cervical strain; mild spondylosis."
 {¶ 8} 2. Relator never returned to work after her injury.
 {¶ 9} 3. On July 18, 2001, relator filed an application for PTD compensation. On her application, she noted that she was almost 50 years of age; had graduated from high school; could read, write, and do basic math; and that her employment history consisted of work as a "Direct Staff Person" and a homemaker.
 {¶ 10} 4. Relator's application was supported by the April 16, 2001 report of her treating physician Paul M. Gangl, M.D., who opined as follows:
 {¶ 11} "It is my opinion that based on Ms. Pratt's history of injury, the resultant permanent pain, problems and psychiatric and emotional distress from the injury, and considering her age, education, prior work experience in combination with the conditions allowed in this claim, that she is permanently and totally disabled and unable to return to the work force."
 {¶ 12} 5. Relator was also examined by James T. Lutz, M.D., on September 28, 2001. Dr. Lutz concluded that relator had reached maximum medical improvement ("MMI"); assessed a five percent whole person impairment; and concluded that relator was capable of performing sedentary work as such is defined in the Ohio Administrative Code.
 {¶ 13} 6. An employability assessment report was prepared by Joseph E. Havranek, Ed.D., CRC, dated October 30, 2001. Based upon the medical report of Dr. Gangl, Mr. Havranek indicated that there were no jobs that relator could perform. However, based upon the report of Dr. Lutz, Mr. Havranek opined that relator could immediately perform the following jobs: "Surveillance System Monitor[,] Hand Mounter[,] Microfilm Document Preparer[,] Information Clerk[,] Telephone Solicitor[,] Food Checker."
 {¶ 14} Mr. Havranek found that relator's age may cause her to have mild to moderate adjustment issues in adjusting to new jobs and/or work settings; that her 12th grade education would be sufficient; and that she did not have any transferable work skills.
 {¶ 15} 7. Relator's application was heard before a staff hearing officer ("SHO") on February 27, 2002, and resulted in an order denying the application. The SHO relied upon the medical report of Dr. Lutz and concluded that relator retained the functional capacity to perform employment activities which are sedentary in nature. The SHO also relied upon the employability assessment report of Mr. Havranek. The SHO concluded that relator's age of 50 years was a mild barrier with regard to her ability to return to work; however, that age alone was not a factor which would prevent her from returning to work. The SHO further found that relator's high school education, and her ability to read, write, and do basic math well were assets with regard to her ability to return to and compete in the workforce. The SHO concluded that these same factors would be assets with regard to relator's ability to learn new work rules, work skills, and work procedures necessary to perform other types of work. The SHO concluded that relator's academic levels would be sufficient for the performance of many entry-level sedentary jobs and that no remediation would be necessary. The SHO noted that relator did not have any transferable skills; however, the SHO found that there was no basis in the record for determining that relator could not benefit from on-the-job training and the fact that relator had performed semi-skilled employment in the past was evidence that relator possessed the intellectual capacity to learn to perform at least unskilled employment in the future. The SHO did note further that relator was only 32 years of age when she last worked, that she had not been employed in the last 18 years, and that she had not involved herself in any program of rehabilitation for remediation designed to enhance or improve her ability to compete in and return to the workforce. (The commission's order can be found at pages 11 through 13 of the record for the court's review.)
 {¶ 16} 8. Relator's request for reconsideration was denied by order of the commission mailed April 27, 2002.
 {¶ 17} 9. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 18} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 19} The relevant inquiry in a determination of permanent total disability is the claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments, but also the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephenson v. Indus. Comm. (1987),31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 20} Relator challenges the commission's order in the following respects: (1) the commission failed to discuss Dr. Gangl's report; (2) the commission's order did not comply with Noll, as the SHO did not adequately address the non-medical disability factors; and (3) the same SHO issued an order denying PTD compensation for a different claimant with language remarkably similar to the order denying relator's compensation. For the reasons that follow, this magistrate finds that relator has not demonstrated the commission abused its discretion.
 {¶ 21} First, the commission is only required to cite that evidence upon which the commission relies in granting or denying compensation. The commission did not rely upon the medical report of Dr. Gangl and was not required to explain why. As such, this argument of relator lacks merit.
 {¶ 22} Relator also contends that the commission did not properly analyze the non-medical factors in denying her compensation. This magistrate disagrees. The SHO specifically noted that relator's age was a mild barrier, but that, standing alone, it would not prevent her from returning to work. The SHO noted further that relator's education and her ability to read, write, and do basic math well were assets regarding her ability to return to and compete in the workforce. The SHO also found that those factors would help her to adjust to new work settings and that her academic levels were sufficient to allow her to perform many entry-level sedentary type jobs. The SHO specifically noted that relator did not have any transferable skills, but found that there was no basis for determining that relator could not benefit from on-the-job training. Because relator had performed semi-skilled employment in the past, the SHO concluded that relator possessed the intellectual capacity to learn to perform at least unskilled employment in the future.
 {¶ 23} Relator cites State ex rel. Bruner v. Indus. Comm. (1997), 77 Ohio St.3d 243, for the proposition that the commission cannot contend that a claimant has transferable skills without identifying those skills. However, in the present case, the commission specifically noted that relator did not have any transferable skills. However, the commission did rely upon relator's ability to have performed semi-skilled work in the past as evidence that she had the intellectual capacity to perform unskilled employment in the future. As such, relator's reliance upon Bruner is misplaced. Having reviewed the commission's analysis, this magistrate concludes that it does comply with Noll and this argument of relator is not well-taken.
 {¶ 24} Finally, relator attaches a copy of another commission order which was issued by the same SHO and contends that the commission is, once again, merely issuing boiler-plate language which violates Noll. This magistrate disagrees. Having specifically found that the commission's order did not violate Noll, it is immaterial if, in another order denying compensation, the SHO utilized similar language and similar rationale for denying a different claimant's application for PTD compensation. While all of these applications have their differences, there are certain common themes which run through them and the fact that a different order employed similar language does not make the order in the present case defective. Further, the commission is required to address certain issues in every case so, to some extent, a certain amount of similarity is expected. However, in the present case, the commission's order provides the requisite analysis to explain why compensation was denied and it meets the requirements of the law. Accordingly, this argument of relator fails as well.
 {¶ 25} Based on the foregoing, this magistrate finds that relator has not demonstrated that the commission abused its discretion in denying her application for PTD compensation, and relator's request for a writ of mandamus should be denied.