[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Boyd v. Scotts Miracle-Gro Co.,* **Slip Opinion No. 2016-Ohio-1508.**]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1508

THE STATE EX REL. BOYD, APPELLANT, *v.* SCOTTS MIRACLE-GRO COMPANY ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Boyd v. Scotts Miracle-Gro Co.,* Slip Opinion No. 2016-Ohio-1508.]

*Workers' compensation—Permanent total disability—Industrial Commission did not abuse discretion in relying on examining physician's report as evidence supporting order denying permanent total disability or in rejecting vocational consultant's opinion in favor of Commission's own analysis of vocational factors—Court of appeals' judgment affirmed.*

(No. 2015-1023—Submitted January 26, 2016—Decided April 13, 2016.)

APPEAL from the Court of Appeals for Franklin County, No. 14AP-413, 2015-Ohio-2352.

_____

**Per Curiam.**

{¶ 1} Relator-appellant, Robert Boyd, appeals the judgment of the Tenth District Court of Appeals denying his complaint for a writ of mandamus that would require the Industrial Commission to award him permanent-total-disability compensation.

{¶ 2} We find that the commission's order was supported by evidence in the record. Therefore, the commission did not abuse its discretion when it denied Boyd's request, and we affirm the judgment of the court of appeals.

{¶ 3} Boyd retired from the Scotts Miracle-Gro Company ("Scotts") in 1983. He filed a claim for workers' compensation benefits that was allowed in 2005 for asbestosis in both lungs. In 2013, Boyd applied for permanent-total-disability benefits, and he submitted a report from Marissa Mertz, M.D., in support of his application. Dr. Mertz had conducted an independent medical evaluation of Boyd for purposes of determining permanent and total disability. She was not his treating physician.

{¶ 4} Robert F. Shadel, M.D., reviewed the claim file on behalf of Scotts. Herbert A. Grodner, M.D., a board-certified pulmonologist, examined Boyd on behalf of the commission. He concluded that Boyd had a mild restrictive impairment from the asbestosis that would not prevent Boyd from performing light work.

{¶ 5} Following a hearing, a staff hearing officer at the commission denied Boyd's application based on the medical reports of Dr. Shadel and Dr. Grodner and the hearing officer's analysis of Boyd's vocational disability factors.

{¶ 6} Boyd filed a complaint seeking a writ of mandamus that would require the commission to vacate its decision. The court of appeals denied the writ.

{¶ 7} This matter is before this court on Boyd's appeal as of right.

{¶ 8} Permanent total disability is the "inability to perform sustained remunerative employment due to the allowed conditions in the claim." Ohio

Adm.Code 4121-3-34(B)(1); *see also State ex rel. Guthrie v. Indus. Comm.*, 133 Ohio St.3d 244, 2012-Ohio-4637, 977 N.E.2d 643, ¶ 8. Mandamus is the appropriate means to challenge the commission's determination of a claimant's extent of disability. *State ex rel. Liposchak v. Indus. Comm.*, 90 Ohio St.3d 276, 278, 737 N.E.2d 519 (2000).

{¶ 9} The party challenging the decision must demonstrate that the commission abused its discretion by entering an order not supported by any evidence in the record. *State ex rel. Burley v. Coil Packing, Inc.*, 31 Ohio St.3d 18, 20, 508 N.E.2d 936 (1987). This court's role in reviewing mandamus actions challenging the commission's decision is limited to determining whether there is some evidence in the record to support the commission's stated basis for its decision. *Id.*

{¶ 10} Boyd maintains that the commission abused its discretion when it relied on the report of Dr. Grodner. According to Boyd, Dr. Grodner was not qualified to give an opinion because he did not take X-rays of Boyd and he was not certified as a "B reader" to interpret the X-rays, a requirement for asbestosis claims by the commission's Resolution R03-1-02. Boyd also contends that even if Dr. Grodner's report is competent evidence, the commission abused its discretion when it did not rely on the vocational evidence in the record, including a report from consultant Molly Williams, which supported a finding of permanent total disability.

{¶ 11} Boyd's arguments fail because (1) Resolution R03-1-02 does not apply here, (2) Dr. Grodner's report was evidence that supported the commission's decision, and (3) the commission performed its own analysis of the vocational factors and was not required to accept Williams's findings.

{¶ 12} Dr. Grodner, a board-certified physician in pulmonology and internal medicine, conducted an independent medical examination of Boyd to determine the extent of permanent total disability. In his report, Dr. Grodner stated that he had reviewed Boyd's medical records, including CT scans and X-rays, and

had conducted a physical examination and pulmonary-function studies. He concluded that Boyd was only minimally impaired as a result of his asbestosis.

{¶ 13} Boyd takes issue with the fact that Dr. Grodner did not take X-rays and is not a certified "B reader" who could provide the written interpretation required by Resolution R03-1-02 for a specialist to give an opinion on disability related to asbestos. Boyd's argument misinterprets the resolution.

{¶ 14} Resolution R03-1-02 relates to the medical evidence necessary to support a claim for an asbestos-related condition. It requires the injured worker to initially produce medical evidence when an asbestos-related claim is being made and prior to adjudication of a claim if and when it is contested. Resolution R03-1-02 states that

> it is the policy of the Commission that, at a minimum, *the following evidence is necessary to be submitted by the injured worker* prior to the referral of the claim to the Administrator for an examination by a qualified medical specialist pursuant to the provisions of Section 4123.68 of the Ohio Revised Code concerning claims for asbestosis, * * *, and at a minimum, the following evidence is also necessary *to be submitted by an injured worker* prior to the adjudication of a contested claim filed for any asbestos-related occupational disease, other than mesothelioma:
>
> - A written interpretation of x-rays by a certified "B reader."
> - Pulmonary functions studies and interpretation by a licensed physician.
> - An opinion of causal relationship by a licensed physician.

(Emphasis added.)

4

**{¶ 15}** The requirements of Resolution R03-1-02 apply to the initial diagnosis and claim allowance of asbestosis. *Anders v. Powertrain Div., Gen. Motors Corp.*, 157 Ohio App.3d 815, 2004-Ohio-2469, 813 N.E.2d 923, ¶ 25 (3d Dist.). Boyd's claim for asbestosis was already allowed and is not being contested; thus, Dr. Grodner was not performing the mandatory examination as a qualified medical specialist to diagnose an occupational disease identified in R.C. 4123.68. Moreover, Resolution R03-1-02 requires the injured worker to submit the necessary medical evidence. For these reasons, Resolution R03-1-02 does not apply to the report of Dr. Grodner. Consequently, Boyd fails to demonstrate that the commission abused its discretion when it relied on Dr. Grodner's report as evidence supporting its order denying permanent total disability.

**{¶ 16}** Boyd also maintains that the hearing officer was required to rely on the vocational evidence in the record, such as his advanced age of 90 and the fact that he no longer drives. Boyd submitted a report from the vocational consultant, Williams, who opined that, based on the disability factors, in addition to the allowed medical condition, "it is obvious that the claimant is permanently and totally disabled."

**{¶ 17}** This court has held that the commission is the exclusive evaluator of disability and is not required to accept vocational evidence, even if uncontroverted. *State ex rel. Jackson v. Indus. Comm.*, 79 Ohio St.3d 266, 270, 680 N.E.2d 1233 (1997). The commission, as the expert on vocational evidence, had the discretion to reject Williams's report in favor of its own analysis of vocational factors. *See id.* at 271. In doing so, the commission acknowledged that Boyd's age was a negative factor but contrasted it with positive factors such as his high school education and lengthy work history, including a supervisory position, until 2008. A claimant's advanced age need not be an insurmountable barrier to reemployment. *State ex rel. Ehlinger v. Indus. Comm.*, 76 Ohio St.3d 400, 402, 667 N.E.2d 1210

(1996); *State ex rel. Moss v. Indus. Comm.*, 75 Ohio St.3d 414, 417, 662 N.E.2d 364 (1996).

{¶ 18} The commission also noted that Boyd expressed concerns about his vision but that he was able to pass the vision test to obtain his driver's license. Thus, the hearing officer concluded that Boyd has the experience and skills, along with a driver's license, to return to his prior employment as a runner for a car dealership.

{¶ 19} The commission's order was based on evidence in the record. Boyd failed to demonstrate that the commission abused its discretion, and his complaint in mandamus fails. We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

PFEIFER, J., concurs in judgment only.

LANZINGER, J., dissents.

_____

Michael J. Muldoon, for appellant.

Michael DeWine, Attorney General, and Patsy A. Thomas, Assistant Attorney General, for appellee Industrial Commission.

Vorys, Sater, Seymour & Pease, L.L.P., and Robert A. Minor, for appellee the Scotts Miracle-Gro Company.

_____